335 F.2d 481
 Lawrence HALL et al., on behalf of themselves and others similarly situated, Petitioners,
v.
Honorable E. Gordon WEST, Judge of the United States District Court for the Eastern District of Louisiana, Respondent.
 No. 21580.
 United States Court of Appeals Fifth Circuit.
 July 9, 1964.
 
 Jack Greenberg, New York City, A. P. Tureaud, New Orleans, La., for petitioners.
 Jack P. F. Gremillion, Atty. Gen., Tom McFerrin, Carroll Buck, Asst. Attys. Gen., Baton Rouge, La., Duncan S. Kemp, Dist. Atty., Amite, La., for respondent.
 Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.
 TUTTLE, Chief Judge.
 
 
 1
 In Ex Parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041, the United States Supreme Court said:
 
 
 2
 "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as a substitute for appeal. As extraordinary remedies, they are reserved for really extraordinary causes."
 
 
 3
 This is such a "really extraordinary case." It is an outgrowth of the District Court case in the Eastern District of Louisiana, Baton Rouge Division, docketed under the title "Lawrence Hall, et al., v. St. Helena Parish School Board, et al, C.A.1068." The petition for writ of mandamus was filed by petitioners, the plaintiffs in the district court suit, on June 1, 1964. A panel of this Court consisting of Judges Hutcheson and Rives, Circuit Judges, and Judge Grooms, District Judge, designated to sit on the Court of Appeals, permitted the petition to be filed and ordered that an answer be filed by the respondents within 20 days following service of such order. Pursuant to Fifth Circuit rule 13a, a response has been filed by the Attorney General of the state of Louisiana, and by counsel for the School Board. The respondent, Honorable E. Gordon West, Judge of the United States District Court for the Eastern District of Louisiana, filed no separate response, but filed a statement as follows:
 
 
 4
 "He respectfully adopts the proceedings which are filed herein by Jack P. F. Gremillion and Duncan S. Kemp, and other undersigned counsel, who have likewise been cited as respondents in the above cause."
 
 
 5
 Begun more than eleven years ago, before Brown v. Topeka Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, was decided by the United States Supreme Court, the Negro plaintiffs sought an injunction forbidding the defendant Board of Education and its members from perpetuating a segregated school system in St. Helena Parish, Louisiana. Four years ago the trial court, per Wright, Judge, predecessor of the respondent Judge West, entered an order enjoining the Board from "requiring segregation of the races in any school under their supervision * * * from and after such time as may be necessary to make arrangements for admission for children to such schools on a racially non-discriminatory basis with all deliberate speed * * *." That order was affirmed by this Court on February 9, 1961, 5 Cir., 287 F.2d 376, certiorari to the Supreme Court was denied October 9, 1961, 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33.
 
 
 6
 Thereafter, a three-judge district court for the Eastern District of Louisiana, held unconstitutional Act 2 of the Second Extraordinary Session of the Louisiana Legislature for 1961, LSA-R.S. 17:350.1 et seq., and enjoined the defendant Board from enforcing it. Hall v. St. Helena Parish School Board, D.C., 197 F.Supp. 649. This order was affirmed by the Supreme Court on February 19, 1962, 368 U.S. 515, 82 S.Ct. 529, 7 L.Ed.2d 521. This statute had authorized the Board to close public schools in order to avoid desegregation.
 
 
 7
 Thereafter, the petitioners have filed three separate motions with the respondent district judge for the Eastern District of Louisiana, because no action was taken, and none was apparently contemplated by the Board without a further order of the district court. The first of these was filed on January 31, 1962. No hearing was held. The second was filed on March 8, 1963. After setting a hearing on that motion for April 5, 1963, respondent continued the hearing and no further date was set and no action was taken prior to the 1963 term of school. Finally, petitioners filed their third motion with respondent on February 26, 1964. It was brought to hearing on March 6, 1964. To date the respondent has entered no order, and, in response to letters from counsel for petitioners, he has given no indication that he intends to rule before the commencement of the school term in the fall of 1964. Nor has respondent filed any answer indicating his intention to enter any such order.
 
 
 8
 As noted above, although respondent filed no answer to the petition for writ of mandamus, he adopted the response made by counsel for the School Board. This answer asserts that mandamus is an inappropriate remedy to meet the problem presented by the trial court's failure ten years after Brown v. Topeka to require the first move by defendant Board. It also says that the district judge has "the power to control the disposition of the case on its docket." Finally, the response says the respondent district judge has wisely delayed issuing an order because of the difficult racial situation in St. Helena Parish.
 
 The response says among other things:
 
 9
 "Conferences in the present matter have been held between attorneys for the defendant and the defendant school board as well as conferences between the Court, the various members of the school board involved, and its attorneys. At these conferences various problems involved have been, and are being discussed with a view to arriving at an amicable solution to a problem which, a few months ago, seemed without solution." (Emphasis added.)
 
 
 10
 The respondent then asks time "to work out the problems as it deems best and by the use of the discretion which this Court sincerely believes is vested in it, this matter will ultimately and in due time, be concluded in a satisfactory manner." (Emphasis added.)
 
 
 11
 Either plaintiffs' attorneys must have been present at the conferences referred to, or there must be some explanation not apparent on this record (such as some agreement or understanding of the parties) to justify the unusual procedure whereby a trial court carries on discussions and conferences with respect to litigation pending before it with one party and its counsel. In any event, this Court feels that the response does not merit the serious attention of the Court. It shows startling, if not shocking, lack of appreciation of the clear pronouncements of the Supreme Court and this Court during the past year which make it perfectly plain that time has run out for a district court to temporize for the purpose of making accommodations in order to arrive at solutions that may satisfy a school board which for ten long years has completely ignored its duty to "make a prompt and reasonable start toward full compliance" with the Supreme Court's Brown decision, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.
 
 
 12
 More than a year ago the Supreme Court, in Watson v. City of Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 and in Goss v. Board of Education, 373 U.S. 683, 83 S.Ct. 1405, 10 L.Ed.2d 632, put every school board on notice that the "all deliberate speed" language used by the Court in Brown v. Topeka Board of Education, supra, must be viewed differently after the intervening period of eight or nine years (now ten years) of utter lack of compliance than it was at the time the Supreme Court entered its decision in 1954. This Court called specific attention to this language in a series of cases written by us during the last year, including Ralph Stell, et al., v. Savannah-Chatham County Board of Education, et al., 318 F.2d 425; Dwight Armstrong, et al., v. Board of Education of the City of Birmingham, Alabama, et al., 323 F.2d 333; Calhoun v. Latimer, 5 Cir., 321 F.2d 302; and Shirley Gaines, et al., v. Dougherty County Board of Education, et al., 5 Cir., 329 F.2d 823 decided March 20, 1964.
 
 
 13
 In light of these decisions it is plain that no district court any longer has discretion to deny injunctive relief in a situation such as here presented. The plaintiffs are, therefore, entitled to more than an order requiring that the trial court pass on their motion for relief. We agree with what was said by Judge Brown, of this Court, in a special concurring opinion in Nelson v. Grooms, 5 Cir., 307 F.2d 76, at page 79: "We have now made it plain by cases which [it is] an affectation to cite that a plan of desegregation must be offered [by the board] or the district court must fashion its own plan." We now state that it is equally plain by cases which it is an affectation to cite further that if the district court in these circumstances fails to perform its duty to "fashion its own plan," then it falls to the lot of the Court of Appeals to require it to do so. This Court has consistently followed the principle first stated by us in Rippey v. Borders, 5 Cir., 250 F.2d 690, 693, that the sequence of responsibility is "first the school authorities, then the local district court, and lastly the appellate courts." In this case neither the school authority nor the district court has accepted its responsibility. It thus falls to our lot to direct the respondent either to fashion a plan and enter it as an order of the district court, or to direct the respondent to enter an order requiring the defendants to submit a plan embodying certain minimum requirements.
 
 
 14
 The courts can ill-afford the judicial time required to consider the case of every municipal, county or parish board of education two or three times, through the whole gamut of litigation, from the district court to the Court of Appeals to the Supreme Court, back to a three-judge district court, thence the Supreme Court, with a return visit to the district court and then back to this Court for the granting of an order that it was apparent from the start was already overdue. This case has run its course. Any further delay in granting the petitioners their constitutional rights would be abandonment by this Court of its responsibility. It appears that these rights can be granted now only by the extraordinary remedy of mandamus, which makes the district judge the respondent and amenable to the orders of this Court.
 
 
 15
 There would appear to be little to be gained if we were to restrict our order to a requirement that the trial court make a judgment in the matter, without directing the nature of the judgment to be entered. The respondent has had ample admonishment, both from the Supreme Court and this Court, as to what is required of him in the premises. His failure to respect these admonishments makes it reasonably clear that an order from us directing merely that he enter a judgment in the case would mean simply that the case would be back here again because of his clear indication that he does not propose to enter the proper order until directed to do so. Such further delay and such further consumption of judicial time is not only unnecessary but it would tend to destroy the confidence of litigants in our judicial system.
 
 
 16
 The mandamus absolute will, therefore, issue as prayed in the following terms:
 
 ORDER
 
 17
 The respondent, the Honorable E. Gordon West, is ordered to enter an injunction in the case of Lawrence Hall et al., v. St. Helena Parish School Board et al., Civil Action No. 1068, Baton Rouge Division, Eastern District of Louisiana [233 F.Supp. 136], requiring that the defendants in that action submit a plan for the commencement of desegregation of the schools under their control to be effective upon the commencement of the fall term of school in 1964; said injunction shall require that the plan submitted by the said defendants shall contain as a minimum a good faith start by the Parish Board in the schools of the Parish within the requirements which have heretofore been set down by this Court in the opinions entered on June 18, 1964, in the cases of Ralph Stell, et al., v. Savannah-Chatham County Board of Education, et al., 5 Cir., 333 F.2d 55; Birdie Mae Davis, et al., v. Board of School Commissioners of Mobile County, et al., 5 Cir., 333 F.2d 53; and Armstrong, et al., v. Board of Education of the City of Birmingham, Alabama, et al., 5 Cir., 333 F.2d 47.
 
 
 18
 As an alternative, the respondent may fashion his own plan to be made effective in the fall of 1964, within the limitations announced in the above cases, and make such plan effective as an order of the Court.
 
 
 19
 In ample time to become effective for the fall term of 1965, and subsequent years, the respondent shall further either fashion a plan or require the defendants to fashion a plan that will continue the desegregation of the Parish schools with all deliberate speed, at a pace not slower than is required by the opinions in the above cited cases.
 
 
 20
 The requirements herein set out are minimum requirements and are subject to modification hereafter upon motion by the plaintiffs, in which event the burden shall rest on the defendants to show cause why further acceleration of the complete desegregation of the Parish schools should not be required. See Ralph Stell, et al., v. Savannah-Chatham County Board of Education, et al., 5 Cir., supra, as to the burden of proof resting on the school authorities to justify delay.