**This version includes the errata datged 27Aug01 -e**

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-312

ROBERTO A. VARGAS-GONZALEZ, PETITIONER

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT

On Petitioner's Request for Writ of Mandamus

(Decided    August 16, 2001    )

*Sean A. Kendall*, of Boulder, Colorado, was on the pleadings for the petitioner.

*John H. Thompson,* Acting General Counsel; *Ron Garvin*, Assistant General Counsel; *Mary A. Flynn*, Deputy Assistant General Counsel, and *Michael R. Smalls*, all of Washington, D.C., were on the response for the respondent.

Before FARLEY, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*: The petitioner, through counsel, has filed a petition for a writ of mandamus to compel the Secretary to provide expeditious treatment, pursuant to section 302 of the Veterans' Benefits Improvements Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (VBIA § 302), of his appeal contesting the effective date assigned by a Department of Veterans Affairs (VA) regional office (RO) for an award of VA non-service-connected pension.  Pursuant to a Court order, the Secretary has filed a response to the petition, and the petitioner has filed a reply to that response.  For the reasons that follow, the Court will deny the petition.

1

## I. Background

In April 1999, this Court remanded to the Board of Veterans' Appeals (BVA or Board) a claim by the petitioner (then an appellant) for basic entitlement to VA non-service-connected pension [hereinafter "pension"]. *Vargas-Gonzalez v. West*, 12 Vet.App. 321 (1999). The instant petition concerns events that have transpired since the Court's remand. The following facts are not in dispute and are supported by various documents filed by either the petitioner or respondent as attachments to their pleadings.

Following the Court's remand the Board apparently remanded the pension claim to the VARO and in June 2000 the RO awarded pension benefits, effective January 2000. June 2000 RO Decision at 1 (Petition (Pet.) Appendix (App.) 1). The petitioner filed in July 2000, through counsel, a Notice of Disagreement (NOD) contesting the RO's "decision concerning the date of January 20, 2000, for the granting of pension" and asserting that "[t]he date of benefits for pension should commence in 1991, which is the date of the claim". July 11, 2000, Letter from Counsel for Petitioner to RO (Secretary's Response (Resp.) Exhibit 3, at 2) [hereinafter "July 2000 NOD"]. The RO issued a Statement of the Case (SOC) in November 2000 (Pet. App. 2).

On January 23, 2001, the petitioner filed with the BVA a "motion" to advance his case on the BVA's docket, citing VBIA § 302. Jan. 23, 2001, Letter from Counsel for Petitioner (misdated as "January 23, 200*0*") (Pet. App. 3) [hereinafter "Jan. 2001 Letter from Petitioner"]. Seven days later, the BVA Deputy Vice Chairman rejected this request; he stated that "appeals must be considered in docket number order" and that "the claim for an earlier effective date is a new issue" as to which advancement on the docket was not warranted. Jan. 30, 2001, Letter from BVA Deputy Vice Chairman to Counsel for Petitioner (Pet. App. 4) [hereinafter "Jan. 2001 Letter from BVA Deputy Vice Chairman"]. The instant petition was filed on February 15, 2001. The petitioner requests that the Court issue an order (1) "directing the Secretary to handle [the petitioner]'s claim in an expeditious manner"; (2) "directing the Secretary to route the claims folder for immediate transfer to the BVA"; (3) "directing the Board to issue a decision within a specified date"; and (4) providing "[a]ny further relief deemed appropriate by the Court." Pet. at 7-8. On March 5, 2001, the Court ordered the Secretary to file a response, which the Court received on April 4, 2001. The petitioner filed a reply thereto on April 23, 2001. On July 17, 2001, the petitioner submitted to the

Court a copy of a June 19, 2001, BVA decision remanding to the RO the matter of the effective date of his pension award and requiring that VBIA § 302 be applied on remand.

## II. Analysis

### A. Requirements for a Writ

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). The petitioner seeks a writ from the Court to compel the Secretary to provide VBIA § 302 "expeditious treatment" to the Board's consideration of his appeal of the effective date assigned by the RO's June 2000 decision. Section 302 of the VBIA provides:

> §. 302. EXPEDITED TREATMENT OF REMANDED CLAIMS.
>
> The Secretary of Veterans Affairs shall take such actions as may be necessary to provide for the expeditious treatment, by the Board of Veterans' Appeals and by the regional offices of the Veterans Benefits Administration, of any claim that has been remanded by the Board of Veterans' Appeals or by the United States Court of Veterans Appeals for additional development or other appropriate action.

It is well established that this Court has the authority under the All Writs Act (AWA) to "issue all writs necessary or appropriate in aid of [its] jurisdiction." 28 U.S.C. § 1651(a); *see Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (affirming this Court's holding that AWA applies to this Court), *vacating on other grounds*, *In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997) (*Fee Agreement of Cox*); *Heath v. West*, 11 Vet.App. 400, 402 (1998). Before a court may issue a writ, a petitioner must demonstrate (1) a clear and indisputable right to the writ and (2) a lack of adequate alternative means to obtain the relief sought. *See Fee Agreement of Cox*, 10 Vet.App. at 370. We will now consider whether these two requirements are met in this case.

*1. First Requirement for a Writ.* We consider first whether the petitioner has a clear right to the writ. Obviously, unless VBIA § 302 applies to the petitioner's appeal to the Board of the effective date assigned by the RO, no writ could issue. Hence, the scope of VBIA § 302 is the initial question.

*a. VBIA Application to Appeal of RO's Assigned Effective Date:* The petitioner argues that his appeal to the Board of the RO's June 2000 assignment of effective date should be given

expeditious treatment by VA pursuant to VBIA § 302 because his pension claim was the subject of a Court remand. His rationale is, essentially, as follows: (1) Under the VBIA, a "claim" that has been remanded is entitled to expeditious treatment; (2) his "claim" was for payment of non-service-connected pension; (3) the determination of entitlement to pension is but one component of his claim, as is the effective date of the award, and thus VBIA § 302 applies to his appeal to the Board. Accordingly, this petition presents the legal question of the meaning of "claim" as used in VBIA § 302.

"The starting point in interpreting a statute is examining the language itself, for if the intent of Congress is clear, that is the end of the matter." *Trilles v. West*, 13 Vet.App. 314, 321 (2000) (en banc) (internal quotation marks and citations omitted). "The plain meaning of the statute is found in examining the specific language at issue and the statute's overall structure." *Ibid*; *see also Ozer v. Principi*, 14 Vet.App. 257, 261 (2001) (quoting *Trilles*, *supra*). Hence, we begin our analysis with the literal meaning of the word "claim".

*i. Literal meaning of "claim":* In common parlance, a "claim" is "a demand for something rightfully or allegedly due". WEBSTER'S NEW WORLD DICTIONARY 257 (3d college ed. 1986). According to Black's Law Dictionary, a claim is "[a] cause of action" and a "[m]eans by or through which a claimant obtains possession or enjoyment of a privilege or thing." BLACK'S LAW DICTIONARY 247 (6th ed. 1990). *Cf. Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989) (using dictionary to assist in review of plain meaning of statute). Consideration of these definitions suggests that the petitioner is unable to enjoy or possess the full pension benefits that he is due until the effective date of that benefit award is established. Although he has been awarded pension as of January 2000, his claim for pension was filed earlier than that date. *See* November 2000 SOC at 11 (indicating that claim was filed in December 1989); July 2000 NOD (stating that claim was filed in 1991). It strains logic to consider that the petitioner's "claim", whether it was filed in 1989 or 1991, was a demand that he enjoy or possess pension payments almost 10 years *after* the date of the claim. His pension claim has still not been resolved because a final determination has not yet been made that he has been awarded the maximum pension benefit available to him. *See* 38 U.S.C. § 5110(a) (effective date of award of pension based on original claim "shall not be earlier than the date of receipt of application therefor"). At a minimum, then, the dictionary definitions of the words of

5

VBIA § 302 plainly support the petitioner's position that his "claim" has not yet been resolved.

*ii. Meaning of "claim" set forth in VA regulations:* The Secretary has defined the term "claim" as follows:

> *Claim – Application* means a formal or informal communication in writing *requesting a determination* of entitlement, or evidencing a belief in entitlement, to a benefit.

38 C.F.R. § 3.1(p) (2000); *see Brannon v. West*, 12 Vet.App. 32, 34-35 (1998). The purpose and function of a claim in the context of the VA adjudication process is:

> *General.* A specific claim in the form prescribed by the Secretary ***must*** be filed in order for benefits to be paid to any individual under the laws administered by VA. (38 U.S.C. [§] 5101(a)). A claim by a veteran for compensation may be considered to be a claim for pension; and a claim by a veteran for pension may be considered to be a claim for compensation. ***The greater benefit will be awarded, unless the claimant specifically elects the lesser benefit***.

38 C.F.R. § 3.151(a) (2000) (boldface italic emphasis added); *see Brannon, supra.*

To begin with, a written request for "entitlement . . . to a benefit" under § 3.1(p) includes an effective date for the award of "the benefit"; that is, "entitlement" is not complete without the date on which the award begins. Moreover, there are two reasons why the Secretary's § 3.151(a) regulation refutes the position that he has taken in the instant litigation. First, § 3.151(a) requires that "[a] specific claim in the form prescribed by the Secretary . . . be filed in order" to trigger a VA adjudication of benefits. Here, the Secretary argues that the petitioner's "pension claim", which was remanded by the Court, has been resolved by virtue of the RO's June 2000 pension award, and that the matter of the effective date of that pension award is a separate "claim". The Secretary concedes that such an appeal of the effective-date "claim" was taken, because "an NOD was received on July 19, 2000[,] regarding the issue of entitlement to an earlier effective date". Resp. at 6. Presumably, the Secretary points out the existence of this NOD in order to support his position that a writ ought not be granted in this case because the petitioner has yet to exhaust his administrative remedies here. *See Fee Agreement of Cox*, 10 Vet.App. at 370 (noting that before writ may issue petitioner must demonstrate, inter alia, lack of adequate alternative means, such as appeal from BVA decision, to obtain relief sought). If that is the Secretary's intent, however, then he is hoisted on his own petard – here, his own regulations – because in order for the effective-date issue to be the

6

subject of an ***appeal***, the petitioner must have filed a ***claim*** within the meaning of §§ 3.1(p) and 3.151(a) as to his entitlement to an effective date earlier than January 2000. *See Brannon*, 12 Vet.App. at 35 ("***before*** a VARO or the BVA can adjudicate an original claim for benefits, the claimant must submit a written document identifying the benefit and expressing some intent to seek it"). It is clear that he did not do so; the only document filed by the petitioner indicating a belief in entitlement to an earlier effective date was the July 2000 NOD as to the effective date assigned by the RO in the ***same*** decision that awarded eligibility for pension.

Accordingly, adopting the Secretary's position in this case would necessitate a finding that that July 2000 letter served as both a claim ***and*** an NOD. Such a result would be anomalous and without support. *See Hamilton v. Brown*, 39 F.3d 1574, 1582 (Fed. Cir. 1994) (noting that, in 38 U.S.C. § 7105: "A notice of disagreement is discussed solely in the context of initiating an appeal to the Board. ***No other function of a[n] NOD is mentioned***." (emphasis added)); *AB v. Brown*, 6 Vet.App. 35, 40 (1993) (noting that NOD is expression of disagreement with an "'initial review and determination' of a claim by the RO" (quoting 38 U.S.C. § 7105(b)(1)) and thus cannot also serve as claim for benefit that was subject of such RO initial determination); *see also Brannon*, *supra*.

The second reason that the Secretary's position is contradicted by § 3.151(a) is that that regulation requires that "[a] claim . . . for compensation may be considered to be a claim for pension; and a claim . . . for pension may be considered to be a claim for compensation" but, when a claim is so doubly considered, only "[t]he greater" of the two possible benefits "will be awarded". 38 C.F.R. § 3.151(a). Thus, a "claim" that is subject to § 3.151(a) double consideration ***cannot*** be resolved until the ***amount*** of the pension is determined and compared to the amount of any compensation that would otherwise be due. Because the amount of the pension benefit cannot be calculated until a date is fixed upon which to begin payment of that benefit, § 3.151(a) strongly suggests that the effective date of an initial pension award must be a component of that same claim and not a claim unto itself.

***iii. Use of "claim" in precedent:*** In addition to the fact that the word "claim" as defined in dictionaries and VA regulations plainly encompasses the effective-date appeal currently before VA, precedents of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and this Court also establish that a "claim" is composed of elements and that the initial assignment of an effective date

7

is but one of those elements. For example, in *Grantham v. Brown*, the Federal Circuit stated that "the term 'claim' as used in [prior Federal Circuit precedent] does not extend to unadjudicated **elements** of an application for benefits." *Grantham*, 114 F.3d 1156, 1161 (Fed. Cir. 1997) (emphasis added). Then, in *Barrera v. Gober*, the Federal Circuit, in approving of a discussion by this Court, stated: "An application for disability compensation contains five necessary elements: '(1) the veteran's status, (2) existence of a disability, (3) service connection of that disability, (4) degree of disability, and, when in question, (5) **effective date**.'" *Barrera*, 122 F.3d 1030, 1037 (Fed. Cir. 1997) (emphasis added) (quoting *West (Walter) v. Brown*, 7 Vet.App. 329, 332 (1995) (en banc), *overruled on other grounds by Grantham*, 114 F.3d at 1160-61 (as recognized in *Barrera*, 122 F.3d at 1032)). This Court recently reaffirmed that the issue of effective date is "inherent in" a claim for benefits. *See Hayre v. Principi*, 15 Vet.App. 48, 52 (2001).

It is, therefore, our conclusion that VBIA § 302 applies to the subsequent adjudication of all elements of a claim when any element of that claim is remanded by the Court or the Board. This conclusion is consistent with many opinions of this Court in which we have directed the Secretary to provide VBIA § 302 treatment in cases where the Court had resolved the issue on appeal (by reversing the BVA) and remanded the claim for resolution of downstream elements. In *Colayong v. West*, for example, the Court reversed a BVA decision denying eligibility for a rating of total disability based on individual unemployability (TDIU), and the Court cited VBIA § 302 in remanding the TDIU-rating claim "for the Board to award that rating". *Colayong*, 12 Vet.App. 524, 541 (1999). In order to comply with the Court's command "to award" a TDIU rating, the Board was not required to consider the issue of eligibility, which had been the only issue on appeal to the Court; rather, the remaining issue to consider was the proper effective date of the TDIU rating, clearly a downstream issue. In *Colayong*, the "claim" subject to the VBIA § 302 treatment ordered by the Court would have to have been the TDIU claim, of which only one element, a downstream issue, remained unadjudicated. *See also Sondel v. West*, 13 Vet.App. 213, 222 (1999) (reversing BVA finding of no clear and unmistakable error in 1947 RO decision that had denied award of service connection and remanded with citation to VBIA § 302 when only remaining issues were for BVA to revise 1947 RO decision and determine appropriate level of VA disability compensation); *Miller (Douglas) v. West*, 11 Vet.App. 345, 348 (1998) (reversing BVA on issue of application of

8

presumption of soundness to service-connection claim and remanding, inter alia, "the question[ ] of the appropriate rating", with direction that, on remand, "[t]he Board shall proceed expeditiously in accordance with" VBIA § 302).

*iv. Secretary's arguments:* The Court notes that the Secretary's legal arguments, set forth in his response, are inapposite. He argues:

> In *Holland v. Gober*, 10 Vet.App. 433 (1997) [(per curiam)], the Court held that the RO's award of service connection for a claimed disability constituted a full award of the benefit on the appeal that was initiated by the [NOD] on that issue and that that same RO decision as to the rating and effective-date elements or issues required a separate [NOD] in order for them to be placed in appellate status for the first time. *Holland*, 10 Vet.App. [at 435] ( . . . 1997)[ ](per curiam). *See also*, [sic] *Grantham v. Brown*, [*supra*] (RO's rejection of the logically up-stream element of service connectedness . . . [sic] could not concern the logically down-stream element of compensation level, [a new and previously undecided issue] . . . [sic]).

Resp. at 3. The above passage actually provides support for the ***petitioner's*** position by asserting, correctly, that *Grantham* and *Holland* stand for the proposition that effective date is but one of the "elements or issues" that constitute a claim.

Moreover, the NOD cases upon which the Secretary relies discuss only the Court's ***jurisdiction***, at a particular point in time, over an element of a claim. They stand for the rather straightforward proposition that a claimant's NOD cannot express disagreement with an issue that has not been decided. *See Grantham*, 114 F.3d at 1158-59 ("[b]ecause the first appeal concerned the rejection of the logically up-stream element of service-connectedness, the appeal ***could not concern the logically down-stream element*** of compensation level" (emphasis added)); *West (Walter)*, 7 Vet.App. at 339 (Steinberg and Kramer, JJ., dissenting) (noting that NOD as to rating and effective date cannot be filed as to "an RO decision that has not made any review or determination with respect to rating and effective date"), *overruled by Grantham*, *supra*. These cases, however, do not indicate that those elements are to be considered claims in and of themselves for purposes of VBIA § 302.

In general, this Court reviews BVA decisions that are rendered subsequent to the filing of an NOD as to an underlying RO decision. *See* Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) (VJRA § 402); *Velez v. West*, 11 Vet.App. 148, 157 (1998) ("Court has no jurisdiction over an issue absent a post-November [17],

1988, NOD, expressing disagreement with an RO's decision on that issue or with an RO's failure to adjudicate that [issue]"). By no means does it follow from this requirement as to the Court's jurisdiction that the matter of effective date becomes a separate claim simply because the Court lacks jurisdiction over it absent a post-VJRA NOD. Rather, VJRA § 402 merely requires the filing of an NOD as to the RO effective-date determination, which will inevitably occur after the RO's determination of eligibility for pension, if the appellant disagrees with that effective-date determination and wishes to initiate appellate review of it. In the sequential VA adjudication process, VA must provide an initial decision on each of the downstream elements of a claim once it makes a positive determination on the preceding element, and a claimant need not take any action to prompt such VA adjudication of the next element in the sequential analysis unless and until an adverse decision is made with which the claimant disagrees. In sum, the principal legal issue presented by the instant petition is whether VA is obliged to provide VBIA § 302 treatment in the adjudication of the effective date of a claim that has been the subject of a remand by this Court (or the Board), and that issue has *nothing* to do with the circumstances under which the Court could acquire jurisdiction over the *merits* of that effective-date issue.

Finally, the Court notes that the Secretary's interpretation of VBIA § 302 would deny VBIA § 302 "expeditious treatment" to many of the most meritorious cases. As the Secretary would have it, a claimant who is denied service connection by the BVA and then, on appeal to the Court, wins a reversal and a direction that service connection be awarded would receive no expeditious treatment because the service-connection issue is resolved. The Court finds particularly troublesome the Secretary's approach to the issue of expediting these kinds of meritorious cases because, in his response to the instant petition, he fails even to attempt to reconcile his interpretation of VBIA § 302 with the Supreme Court's mandate that "interpretive doubt is to be resolved in the veteran's favor". *Brown v. Gardner*, 115 S.Ct. 552, 555 (1994); *see also Forshey v. Gober*, 226 F.3d 1299 (Fed. Cir. 2000); *Allen v. Brown*, 7 Vet.App. 439 (1995) (en banc). The Court has difficulty accepting that there is no room for doubt as to the applicability of VBIA § 302 to the appeal at issue here.

Equally troubling is the Secretary's failure to reconcile his narrow reading of the quintessentially pro-claimant VBIA § 302 with the plethora of recent cases from the Federal Circuit that stress the pro-claimant nature of the VA adjudication system. *See Elkins v. Gober*,

10

229 F.3d 1369, 1376 (Fed. Cir. 2000) (noting the "pro-claimant, nonadversarial, ex parte system that supplies veterans benefits"); *Nolen v. Gober*, 222 F.3d 1356, 1361 (Fed. Cir. 2000) (quoting *Hayre* and *Hodge*, both *infra*); *Winters v. Gober*, 219 F.3d 1375, 1379 (Fed. Cir. 2000) (quoting *Hayre*, *infra*); *Hensley v. West*, 212 F.3d 1255, 1262 (Fed. Cir. 2000) (citing *Hayre* and *Hodge*, both *infra*); *Hayre v. West*, 188 F.3d 1327, 1333-34 (Fed. Cir. 1999) (pointing out Congress' recognition of "the strongly and uniquely pro-claimant system of awarding benefits to veterans"); *Glover v. West*, 185 F.3d 1328 (Fed. Cir. 1999), ("veterans' benefits statutes should be construed in a liberal, pro-claimant fashion"), *cert. denied*, 529 U.S. 1108 (2000); *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) ("the character of the veterans' benefits statutes is strongly and uniquely pro-claimant"); *see also Summers v. Gober*, 225 F.3d 1293, 1297 (Fed. Cir. 2000) (Mayer, C.J., dissenting) (noting "the manifestly pro-claimant character of the veterans' benefit scheme").

*v. Conclusion as to VBIA § 302 scope:* For the foregoing reasons, the Court holds that VBIA § 302 clearly continues to apply to a remanded claim during the ensuing adjudication of each downstream element of the claim following a remand and that here the Secretary is required to provide for expeditious treatment as to the issue of the RO's assigned effective date for the petitioner's pension award. Our holding rests on the plain meaning of VBIA § 302, and is buttressed by the Secretary's regulations (38 C.F.R. §§ 3.1(p), 3.151(a)) and by the caselaw of this Court and the Federal Circuit. Although the Court does not find ambiguity in the text of VBIA § 302, we note that our interpretation of that statute is "in the veteran's favor". *Gardner*, *supra*; *see also Elkins*, *Nolen*, *Winters*, *Hensley*, *Hayre*, *Glover*, and *Hodge*, all *supra*. We are not here called upon and do not address what "expeditious treatment" comprehends. At least in the first instance, that is a matter for the Secretary to determine.

*b. Right to Compel Secretary's Provision of VBIA § 302 Treatment:* Although we have determined that the petitioner clearly has a right to VBIA § 302 treatment of the effective date assigned to his appealed claim, before a writ of mandamus can properly be issued it must be equally clear that he has a right to compel the Secretary to provide that VBIA § 302 treatment. The Secretary's **sole defense** on this issue is his citation to a case that is more than a century old, *United States v. Black*, 128 U.S. 40, 48 (1888), as support for the proposition that a writ should not issue when "the [p]etitioner has failed to present any evidence that VA is refusing to take action upon his

11

claims." *See* Resp. at 5. (Although the Secretary also asserts that no unreasonable delay has occurred in the ***non***expeditious adjudication of the petitioner's appeal, that argument is not pertinent to the matter of whether the petitioner is entitled to a writ of mandamus to compel ***expeditious*** treatment.) As a factual matter, the Secretary is incorrect in his assertion that the petitioner has not shown that "VA is refusing to take action" here, because the Board ***has*** refused to apply VBIA § 302 in ***its own*** adjudication of the effective date of the appealed claim, which is the ***only*** action at issue here.

More importantly, however, the Secretary has not considered the significant development of mandamus law since 1888. It is well settled now that it is a legitimate use of a court's mandamus power to compel a specific action when "a public officer is commanded to do a particular act by virtue of a particular statute", notwithstanding that the public officer has not refused to take any action, lest "the writ of mandamus . . . become practically valueless". *Roberts v. United States ex rel. Valentine*, 176 U.S. 221, 231 (1900); *see also Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999) (awarding writ when, after extensive review of applicable law, court determined that petitioner had "a clear right to" the performance by the defendant of the action requested); *Hall v. West*, 335 F.2d 481, 484 (5th Cir. 1964) (issuing writ based on duty created by court precedents); *cf. Azurin v. Raab*, 803 F.2d 993, 995 (9th Cir. 1986) (denying writ of mandamus upon review of applicable law and regulation that yielded "no explicit statute or regulation requiring" the action that was the subject of the petition). As to the nature of the Secretary's duty to provide an accelerated docket number pursuant to VBIA § 302, we conclude that that duty is ministerial in nature and not discretionary, notwithstanding that the Secretary must make some interpretation of the term "claim" in order to execute his VBIA § 302 duty. As the Supreme Court has explained:

> [E]very . . . statute to some extent requires construction by the officer; that he must read the law and, therefore, in a certain sense, construe it in order to form a judgment from its language what duty he is required to perform. "But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. ***If the law direct [sic] him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then the act is ministerial, although depending upon a statute which requires, in***

> *some degree, a construction of language by the officer*. Unless this be so, the value
> of this writ is greatly impaired." This view of the matter has been uniformly
> approved in subsequent opinions.

*Miguel v. McCarl*, 291 U.S. 442, 452 (1934) (emphasis added; quoting *Roberts*, *supra*) (issuing writ of injunction to compel payment by U.S. Army of retirement pay notwithstanding Comptroller General's decision that such payment was unauthorized); *see also Roberts*, *supra*. Although the Secretary "must read" VBIA § 302 and "form a judgment from its language what duty he is required to perform", the requirement of VBIA § 302 that "[t]he Secretary . . . *shall* . . . provide for the expeditious treatment" requested by the petitioner in the instant petition is treatment that the Secretary "on the facts existing, . . . is bound to perform". *Miguel*, *supra*; VBIA § 302.

 *c. Conclusion as to First Writ Requirement:* In view of the above determinations that VBIA § 302 imposes on the Secretary a nondiscretionary responsibility to provide expeditious treatment in remanded cases, we hold that the petitioner has a clear and indisputable right to a writ of mandamus to compel the public officer to carry out that statutory duty to provide expeditious VA treatment of the petitioner's appealed claim. *See Lullo*, 173 F.3d at 512-14 (ordering federal district court to issue, "for the first time in history", *id.* at 514 (Luttig, J., dissenting), writ of mandamus to Internal Revenue Service when language of statute regarding duty compelled was mandatory).

 *2. Second Requirement for a Writ.* Even though we have concluded that the petitioner has a clear right to compel the Secretary's compliance with VBIA § 302, the petitioner must also show that he has exhausted available administrative remedies. *Ibid*. In January 2001, the petitioner requested that the Board expedite his case and the Board refused to do so. Jan. 2001 Letter from Petitioner to BVA Deputy Vice Chairman; Jan. 2001 Letter from BVA Deputy Vice Chairman. The petitioner has also provided a copy of a letter from the BVA to counsel for the petitioner (as to the counsel's representation of a different VA claimant), in which the BVA Deputy Vice Chairman rejects a similar request for VBIA § 302 treatment and explicitly interprets VBIA § 302 as not requiring expeditious treatment for downstream issues that have not been the subject of a remand decision. Feb. 6, 2001, Letter from BVA Deputy Vice Chairman to Counsel for Petitioner in Case of WC. Finally, the Secretary, in opposing the instant petition, has been unyielding in his view that VBIA § 302 does not apply to the appeal at issue in this case. *See Erspamer v. Derwinski*, 1 Vet.App. 3, 11 (1990) (noting that "petition for relief in and of itself" may be "enough to bring [a

disputed] matter to the attention of the Secretary, and effectively serve[ ] . . . to exhaust that administrative remedy").

We are unaware of any additional action that the petitioner could have taken that might realistically have advanced consideration of his appeal at the Board. *Ibid.* (noting need for exhaustion of administrative remedy satisfied when requiring further action "would be tantamount to having petitioner[ ] do a useless act" (internal quotation marks and citation omitted)); *see also Fee Agreement of Cox*, 10 Vet.App. at 375 ("[i]t is well-settled under AWA law that a petitioner need not pursue an alternative remedy that is futile" (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384-85 (1953))). Finally, it is quite clear that VA's stance on the VBIA § 302 issue will not change absent Court action, and, although such Court action could conceivably occur in the context of a direct appeal from a BVA decision (where the appellant was awarded service connection, for example, and sought a Court direction that he be afforded expeditious treatment pursuant to VBIA § 302), the Court would not in that context be able to provide any remedy for the past *non*expeditious treatment of the claim by the Board. Thus, the Court holds that the petitioner has exhausted his administrative remedies as to the VBIA § 302-treatment issue.

Based on the foregoing, the petitioner would meet the criteria for the issuance of a writ were it not for the intervening June 2001 BVA decision. The Board's remand in that decision of the effective-date issue has again triggered VBIA § 302; indeed, the Board decision expressly required that VBIA § 302 be applied to the remanded effective-date issue, which is the sole remaining element of the underlying pension claim left to be decided. Thus, the petitioner is now receiving from VA the VBIA § 302 expeditious treatment to which he was already entitled by virtue of this Court's April 1999 remand opinion and, because it appears that there are no further down stream issues yet to be resolved, he will receive that treatment for the remainder of VA's adjudication of the pension claim at issue. Moreover, although he was improperly denied VBIA § 302 expeditious treatment by VA prior to the June 2001 BVA decision, there is no relief that the Court can provide for any improper delay in adjudication that the petitioner has already suffered. The request for the issuance of a writ of mandamus by this Court, then, is moot. *See Fee Agreement of Cox*, 10 Vet.App. at 373 (concluding that "the Court need not reach a definite conclusion on whether the petitioner has shown an indisputable right to the writ . . . because it is clear that the second [writ]

requirement is not satisfied insofar as the petitioner possesses an alternative means to obtain the writ sought").

### B. Other Relief Sought

Having decided that even though the petitioner has demonstrated a clear right to the writ, he does not qualify for our issuance of one, we must also deny the petition to the extent that he prays for even greater relief in the form of an "order directing the Secretary to route the claims folder for immediate transfer to the BVA" and an "order directing the Board to issue a decision within a specified time period". Those portions of his petition have likewise been rendered moot in light of the Board's June 2001 remand decision. *Cf. Vargas-Gonzalez*, 12 Vet.App. at 329 (refusing to "establish a schedule for the Secretary to complete development and readjudication on remand in accordance with [VBIA §] 302 [because] . . . . the appellant has not shown that VA is not complying with that provision, given all the remands that must be processed expeditiously").

### III. Conclusion

For the foregoing reasons, we hold that the petitioner's appeal of the effective date assigned by the RO was entitled, by virtue of the Court's April 1999 remand opinion in *Vargas-Gonzalez*, 12 Vet.App. at 329-30, to VBIA § 302 expeditious treatment (as was the Court-remanded pension claim entitled to expedited treatment) by the BVA and RO *prior* to the petitioner's appeal of the June 2000 RO decision. The Court is constrained, in light of the Board's June 2001 remand decision, however, to deny as moot the issuance of the writ of mandamus to compel the Secretary to provide expeditious treatment to VA consideration of the proper effective date for the grant of pension eligibility, as well as to deny the other relief sought by the petitioner.

WRIT DENIED.