# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1728

KEVIN DAILEY, PETITIONER,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

On Petition for Extraordinary Relief

(Argued March 10, 2003                                    Decided   April 10, 2003 )

*Robert V. Chisholm*, of Providence, Rhode Island, for the petitioner.

*Gary E. O'Connor*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward V. Cassidy, Jr.*, Acting Deputy Assistant General Counsel, were on the pleading, all of Washington, D.C., for the respondent.

Before KRAMER, *Chief Judge*, and FARLEY and GREENE, *Judges*.

KRAMER, *Chief Judge*:  Presently before the Court is the petitioner's October 7, 2002, petition for extraordinary relief in the nature of a writ of mandamus.  For the reasons that follow, the Court will deny the petition.

## I.  Background

In his petition for a writ of mandamus, filed through counsel, the petitioner requests that the Court direct the Secretary and his employees at VA, particularly the Chairman of the Board of Veterans' Appeals (Board or BVA), to (1) advance the petitioner's case on the Board docket in accordance with the Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (VBIA), and (2) handle his case expeditiously. Petition (Pet.) at 1.  In this regard, the petitioner alleges that the Secretary has failed to comply with

the VBIA and a previous remand order of this Court. Pet. at 2; *see* Exhibit (Ex.) C (Jan. 4, 2001, Court remand).

In support of his petition, and accompanied by corresponding exhibits, the petitioner alleges, inter alia, that, in a September 2000 decision, the Board denied his claims for service connection for multiple sclerosis (MS), a right knee disorder, and chondromalacia of the left knee. Pet. at 2; *see* Ex. A. (It appears from the copy of the BVA decision appended to the petition that the petitioner filed his formal claim for benefits in January 1998 and that a VA regional office (RO) denied his claims in November 1998. *See* Ex. A, at 2, 3.) On appeal to this Court of that September 2000 Board decision, the parties agreed to a remand of the petitioner's claims in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (*see* Ex. B), and the Court, in a January 4, 2001, order, vacated the September 2000 BVA decision and remanded the petitioner's claims to the Board (*see* Ex. C). Pet. at 2. In a July 17, 2001, decision, the Board remanded to the RO the petitioner's claims. Pet. at 2; *see* Ex. D (remanding to RO as argued for by petitioner's counsel). The BVA remand "specifically noted that this case [is] entitled to expedited review under the VBIA." Pet. at 3; *see* Ex. D at 6.

The RO, on January 22, 2002, awarded service connection for each of the petitioner's knee disorders and denied service connection for MS; a Supplemental Statement of the Case (SSOC) was issued to the petitioner on January 23, 2002. Pet. at 3; *see* Ex. E. The petitioner filed a Notice of Disagreement (on February 22, 2002) and a VA Form 9, Appeal to the Board of Veterans' Appeals (Form 9), (on February 27, 2002) as to the denial of service connection for MS. Pet. at 3; *see* Ex. F, H. The RO, on July 1, 2002, issued to the petitioner a Statement of the Case as to the service-connected knee disorders (*see* Ex. G), and in a July 9, 2002, letter, he notified the RO that he was satisfied with the decision as to his knee disorders and that he would not seek further review of those claims (*see* Ex. H). Pet. at 3. Also in that July 9, 2002, letter, the petitioner noted that, in February 2002, he had filed a Form 9 and stated that, because his MS claim was part of a remand from this Court, that claim was entitled to expedited review under the VBIA. *See* Ex. H. On July 11, 2002, the RO issued to the petitioner an SSOC as to his MS claim. Pet. at 3; *see* Ex. I. In the cover letter accompanying that SSOC, the RO informed the petitioner that, if he did not wish to make any additional comment regarding the information contained in the SSOC, he should so notify

2

the RO so that his appeal could be forwarded to the BVA without waiting for the customary 60-day comment period to expire. *See* Ex. I. In a July 16, 2002, letter, the petitioner stated, inter alia, that he had no further evidence to submit and that his MS claim "must now be forwarded to the [Board] for an expedited [d]ecision pursuant to the VBIA and . . . *Vargas-Gonzalez*[ *v. Principi*, 15 Vet.App. 222 (2001)]." Pet. at 3; *see* Ex. J.

On August 20, 2002, the petitioner sent to the Board a letter in which he requested that the Board "expedite" his appeal; he referred to his July 16, 2002, letter to the RO in which he had requested that his case be expedited pursuant to the VBIA and *Vargas-Gonzalez*, *supra*. Pet. at 3; *see* Ex. K. The petitioner also stated that the Board's silence on his request would be viewed as a refusal to expedite and would force him to file a petition for a writ of mandamus with this Court. *See* Ex. K. In an August 30, 2002, letter, Mr. Jim Jensen, Director, Management and Administration (for the Board), informed the petitioner that, with respect to his desire to have his case "advanced on the Board's docket," such advancement required a showing of good cause pursuant to 38 C.F.R. § 20.900(c). Pet. at 3; *see* Ex. L. (It appears that, because the petitioner's August 20, 2002, letter to the Board requested expedited review of his appeal, not BVA-docket advancement, it was the Board that injected the advancement concept into the instant case.) Mr. Jensen requested that the petitioner submit any evidence that he had to substantiate a showing of good cause for advancement and that, if such evidence was not submitted, the Board would consider his motion withdrawn and would consider his case "in its proper sequence." Pet. at 3; *see* Ex. L. In a September 4, 2002, letter addressed to Mr. Jensen, the petitioner stated that Mr. Jensen had failed to account for either the VBIA or *Vargas-Gonzalez*, *supra*; the petitioner requested that, after reading an enclosed copy of *Vargas-Gonzalez*, Mr. Jensen grant his "motion for advancement on the docket." Pet. at 4; *see* Ex. M. The petitioner also stated that, if he did not receive a response to his request within 30 days, he would assume that his motion had been denied and would file a petition for a writ of mandamus with this Court. Pet. at 4; *see* Ex. M. The petitioner alleges that he did not receive from the Board any response to his request. Pet. at 4.

The petitioner, citing *Vargas-Gonzalez*, *supra*, argues that, because the Board has denied his appeal the "expeditious treatment" to which it is entitled, he has a clear and indisputable right to a writ. Pet. at 4. He further argues that, because he twice has requested that the Board "advance his

case on the docket" and because the Board has refused those requests (once by letter, once by silence), he has exhausted his administrative remedies. Pet. at 5. He requests, therefore, that the Court issue a writ of mandamus directing the Secretary to "expedite his claim" in accordance with the VBIA. *Id*.

In a November 4, 2002, single-judge order, the Court ordered the petitioner to file a memorandum addressing whether he has a clear and indisputable right to advancement on the Board docket; that is, whether such BVA-docket advancement is a requirement of expeditious treatment pursuant to VBIA § 302 and *Vargas-Gonzalez*, *supra*. The petitioner, in his November 12, 2002, memorandum, asserts that his appeal currently before the BVA is entitled to expeditious review and contends that "advancement on the BVA docket is the indisputable means to achieve actual expeditious treatment." Memorandum (Mem.) at 4, 7. The petitioner argues that such advancement is consistent with the mandate of the VBIA and is the "only way to effectuate the plain terms of the VBIA and to carry out the [c]ongressional mandate for expedited review." *Id*. The petitioner next asserts that the Board has refused to "expedite" his appeal and considers his "motion for advancement" to have been withdrawn, thereby relegating his appeal to "the end of the line." Mem. at 4. The petitioner argues that this stance contravenes the VBIA and 38 C.F.R. § 20.900(d), which is the Secretary's interpretation of VBIA § 302 and which the Board is bound to follow. Mem. at 4-5. The petitioner also asserts that, even though the *Vargas-Gonzalez* Court stated that it was not called upon to address what expeditious treatment requires, the Court did state that the Secretary's duty to provide a remanded claim with an accelerated docket number pursuant to the VBIA was a ministerial duty, not a discretionary duty. Mem. at 6 (citing *Vargas-Gonzalez*, 15 Vet.App. at 231). The petitioner finally asserts that the Court, in *Vargas-Gonzalez*, implied that defining expeditious treatment must include consideration of what duty needs to be performed in order to give effect to VBIA § 302. *Id*. The petitioner argues that, therefore, expeditious treatment requires advancement on the Board docket.

On January 2, 2003, the Secretary responded to a December 2002 Court order that had directed him to answer the petition and to reply to the petitioner's November 2002 memorandum. The Secretary asserts that the petitioner has not demonstrated a clear and indisputable right to advancement on the Board docket. In this regard, the Secretary contends that, inter alia, the

4

petitioner has not cited any statute or regulation that gives him such a right. Specifically, he explains that neither section 7107(a)(1), the VBIA, nor § 20.900(d) mentions advancement, and the petitioner has not relied on section 7107(a)(2) or § 20.900(c) (or attempted to satisfy that regulatory subsection, which does mention advancement, by showing good cause). Response (Resp.) at 5-6, 13. With respect to *Vargas-Gonzalez*, the Secretary asserts that the Court's reference to an "accelerated docket number" is a cryptic and isolated sentence and that the VBIA does not mention an accelerated docket number. Resp. at 6. The Secretary also contends that, because the petitioner's MS claim has been assigned to a Board member and currently is being processed, the petition is moot. As to mootness, the Secretary more specifically asserts (and provides supporting exhibits) that, on August 7, 2002, the claim was assigned to a BVA member (*see* Resp. Ex. A); on August 12, 2002, that Board member completed a Development Memorandum and sent the case to the Board's Development Unit (*see* Resp. Ex. B); and on November 27, 2002, the petitioner and his counsel were notified by letter of the Board's development efforts (*see* Resp. Ex. C). Resp. at 13.

The case was submitted to the instant panel, and oral argument was heard on March 10, 2003. At oral argument, the Secretary clarified his position that BVA-docket advancement (governed by 38 U.S.C. § 7107(a)(2) and 38 C.F.R. § 20.900(c)) and expeditious treatment (governed by the VBIA and 38 C.F.R. § 20.900(d)) are distinct concepts and methods of prioritizing cases pending before the Board. As to BVA-docket advancement, the Secretary maintains that, because in seeking extraordinary relief the petitioner erroneously equated advancement with expedited review, the petitioner has not shown a clear and indisputable right to a writ. As to expeditious treatment, the Secretary contends that the petitioner has not demonstrated that the Board has not handled his appeal expeditiously; specifically, he has not pointed to any specific procedures that the BVA has not followed. The Secretary requests that, therefore, the Court deny the petition.

On April 2, 2003, the petitioner filed an unopposed motion "to add to the record." To that motion, the petitioner has appended (1) a copy of a March 27, 2003, letter from the Board regarding new evidence that the BVA would consider in readjudicating the petitioner's MS claim and his right to respond to that evidence; (2) copies of the evidence referred to in and attached to the BVA's letter; and (3) his April 1, 2003, response to the Board in which he, inter alia, again demanded that his claim be treated expeditiously. The Court will grant the petitioner's motion.

5

## II. Analysis

This Court has authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Before a court may issue a writ, a petitioner must demonstrate (1) a clear and indisputable right to the writ and (2) a lack of adequate alternative means to obtain the relief sought. *See Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990). A petitioner must satisfy both prongs in order to obtain extraordinary relief. *See Herrmann v. Brown*, 8 Vet.App. 60, 62 (1995) (applying *Kerr* "two-prong test"); *Erspamer*, *supra* (same).

The statutory section governing the docketing of appeals to the Board provides in pertinent part:

> (a)(1) Except as provided[, inter alia,] in paragraph[] (2) . . . , each case received pursuant to application for review on appeal shall be considered and decided in regular order according to its place upon the docket.
>
> (2) A case referred to in paragraph (1) may, for cause shown, be advanced on motion for earlier consideration and determination. Any such motion shall set forth succinctly the grounds upon which the motion is based. Such a motion may be granted only –
>> (A) if the case involves interpretation of law of general application affecting other claims;
>> (B) if the appellant is seriously ill or is under severe financial hardship; or
>> (C) for other good cause shown.

38 U.S.C. § 7107(a)(1), (2).

With respect to remanded claims, the VBIA provides that

> [t]he Secretary . . . shall take such actions as may be necessary to provide for the expeditious treatment, by the Board . . . and by the [ROs] . . . , of any claim that has been remanded by the Board . . . or by the United States Court of [Appeals for Veterans Claims] for additional development or other appropriate action.

VBIA § 302.

The Secretary has implemented in a regulation both section 7107(a)(1) and (2) and the VBIA. That regulation, in pertinent part, provides:

(a) *Docketing of appeals*. Applications for review on appeal are docketed in the order in which they are received. Cases returned to the Board following action pursuant to a remand assume their original places on the docket.

. . . .

(c) *Advancement on the docket*. A case may be advanced on the docket on the motion of . . . a party to the case before the Board, or such party's representative. Such a motion may be granted only if the case involves interpretation of law of general application affecting other claims, if the appellant is seriously ill or is under severe financial hardship, or if other sufficient cause is shown. "Other sufficient cause" shall include, but is not limited to, administrative error resulting in a significant delay in docketing the case. . . .

(d) *Consideration of appeals remanded by the United States Court of Appeals for Veterans Claims*. A case remanded by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action will be treated expeditiously by the Board without regard to its place on the Board's docket.

38 C.F.R. § 20.900(a), (c), (d) (2002).

With respect to the Board's adjudication of an appeal from an adverse RO decision, such appeal generally is considered by the BVA according to the appeal's docket number. *See* 38 U.S.C. § 7107(a)(1); 38 C.F.R. § 20.900(a). However, prior to the passage of the VBIA and continuing since that time, there has been an exception to this docket-order consideration for special cases. *See* 38 U.S.C. § 7107(a)(2) (providing grounds for advancement). *Compare* 38 C.F.R. § 20.900(c) (1994) (providing grounds for advancement), *with* 38 C.F.R. § 20.900(c) (2002) (to same effect). With the enactment, on November 2, 1994, of the VBIA, another category of special cases was created, and the Secretary amended his regulation to recognize that second category. *See* VBIA § 302 (providing for expeditious treatment of remanded claims); 38 C.F.R. § 20.900(d) (to same effect); *see also* Appeals Regulations, Rules of Practice: Single Member and Panel Decisions; Reconsiderations; Order of Consideration, 61 Fed. Reg. 20,447, 20,448, 20,453 (May 7, 1996) (first codified at 38 C.F.R. § 20.900(d) (1996)). This historical progression clearly demonstrates that advancement on the Board docket pursuant to 38 U.S.C. § 7107(a)(2) and 38 C.F.R. § 20.900(c) and expeditious treatment pursuant to VBIA § 302 are separate and distinct concepts. The Court thus holds that the phrase "expeditious treatment" in VBIA § 302 does not require that remanded cases be advanced on the docket pursuant to 38 U.S.C. § 7107(a)(2) and 38 C.F.R. § 20.900(c).

7

Therefore, to the extent that the petitioner is requesting advancement on the Board docket, given the above holding and notwithstanding any language in *Vargas-Gonzalez, supra*, the petitioner is not entitled to advancement on the Board docket, pursuant to 38 U.S.C. § 7107(a)(2) and 38 C.F.R. § 20.900(c), of his MS claim simply because that claim previously was remanded. Moreover, the petitioner has not demonstrated that he otherwise is entitled to have his MS claim advanced on the BVA docket because he has not shown that he satisfies any of the advancement criteria as listed in the governing statute and regulation. *See* 38 U.S.C. § 7107(a)(2); 38 C.F.R. § 20.900(c).

To the extent that the petitioner is seeking expeditious treatment of his remanded claim, pursuant to section 302 of the VBIA and 38 C.F.R. § 20.900(d), separate from BVA-docket advancement, he has not demonstrated a clear and indisputable right to a writ because he has not shown that the Board has failed to handle his claim expeditiously. In this regard, as reflected by the exhibits appended to the petitioner's October 2002 petition and the Secretary's January 2003 response, the petitioner's MS claim was assigned to a Board member twenty-seven days after the RO issued to the petitioner an SSOC on that claim. *Compare* Pet. Ex. I (July 11, 2002, SSOC), *with* Resp. Ex. A (August 7, 2002, assignment to Board member). Further, five days after having the petitioner's appeal assigned to him, the BVA member to whom the appeal was assigned completed a Development Memorandum and sent the case to the Board's Development Unit. *See* Resp. Ex. B (August 12, 2002, development request). Moreover, as evidenced by the petitioner's April 2003 motion and attachments, the Board has completed its development and appears ready to readjudicate his MS claim. In that regard, the Court finds it inexplicable why, if VA treats cases entitled to docket advancement and cases entitled to expedited review as entirely separate categories for adjudication purposes, it would send a letter to the petitioner telling him that his case could not be advanced where he had requested only expedited review of that case. *Compare* Pet. Ex. K (petitioner's letter to Board requesting "expedited" review), *with* Pet. Ex. L (Board's letter to petitioner outlining grounds for "advancement" on BVA docket). Further, notwithstanding that the petitioner has not demonstrated that his MS claim has been denied expeditious treatment, if VA simply had notified him of the assignment of his case to a Board member and of the development requested by that Board member when the petitioner requested expedited review, rather than so

8

notifying him only subsequent to the petitioner's filing of the instant petition, proceedings before the Court may not have been necessary.

The Court also would be remiss if it did not note the following. Section 7107(a)(1) apparently was implemented by § 20.900(a), which advises how certain categories of cases (original appeals and remanded cases) are to be added to the Board's docket. Because VBIA § 302 was enacted and its implementing regulation was promulgated almost 30 years after section 7107(a) was implemented by regulation (*see* 38 C.F.R. § 19.122(b) (1965) (docketing of appeals in remanded cases); *see also* 38 C.F.R. § 19.106 (1990) (same)), the Secretary's mere compliance with § 20.900(a), i.e., giving a remanded case the BVA docket number assigned to it when the case was on appeal to the BVA originally, does not appear to equal expeditious treatment. *See Meeks v. West*, 12 Vet.App. 352, 354 (1999) (each part or section of statute should be construed in connection with every other part or section so as to produce harmonious whole). In this regard, the Court further notes that, although at oral argument counsel for the Secretary alluded in general terms to specific procedures that have been developed by VA to ensure that remanded cases receive expeditious treatment, the Secretary failed to explicate those procedures either in his pleading or at oral argument.

Nevertheless, the Court concludes that the petitioner has failed to show a clear and indisputable right to a writ on either ground sought. The Court thus will deny the instant petition because the petitioner has failed to satisfy the first prong for the issuance of a writ of mandamus. *See Herrmann* and *Erspamer*, both *supra*.

### III. Conclusion

The petitioner's April 2, 2003, motion is granted. Upon consideration of the foregoing analysis, the parties' pleadings, and oral argument, the petitioner's October 7, 2002, petition for extraordinary relief in the nature of a writ of mandamus is DENIED.