# United States Court of Appeals for the Federal Circuit

05-7066

KENNETH M. CARPENTER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Michael E. Wildhaber, Wildhaber & Associates, PLLC, of Washington, DC, argued for claimant-appellant.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director. Of counsel were Michelle D.D. Bernstein and Michael J. Timinski, Attorneys, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Senior Judge Kenneth B. Kramer (Retired)

# United States Court of Appeals for the Federal Circuit

05-7066

KENNETH M. CARPENTER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: June 30, 2006

_____

Before NEWMAN, MAYER, and SCHALL, Circuit Judges.

Opinion for the court filed by Circuit Judge NEWMAN. Dissenting opinion filed by Circuit Judge SCHALL.

NEWMAN, Circuit Judge.

Kenneth M. Carpenter, Esq., appeals the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), dismissing his appeal of the denial of attorney fees in accordance with his fee agreement with veteran Dwight D. Bowyer.[1] We

---

1 Carpenter v. Principi, 18 Vet. App. 560 (2004) (table), full decision available at 2004 U.S. App. Vet. Claims LEXIS 589 (Aug. 26, 2004).

conclude that the Veterans Court incorrectly interpreted 38 U.S.C. §5904(c). On the correct interpretation, the fee agreement applies in accordance with its terms. We reverse the dismissal, and remand for application of the correct statutory interpretation.

BACKGROUND

On July 31, 1978 a Veterans Administration regional office ("VARO") awarded Mr. Bowyer a 100% disability rating for service-connected thrombophlebitis of both lower extremities and the right arm, effective May 5, 1978. At annual review on June 14, 1979 the VARO reduced the disability rating to 60%, effective September 1, 1979. Mr. Bowyer did not then appeal this reduction.

Starting in 1988 Mr. Bowyer sought to reestablish the total disability rating, on the ground that his condition was such that he was unable to achieve employment. He brought a claim for 100% disability based on individual unemployability. After various proceedings, the Board of Veterans' Appeals denied the claim on December 15, 1988, and again on June 22, 1990, upon reconsidering its decision in light of a new VA examination conducted in February, 1989. Throughout these proceedings Mr. Bowyer was not represented by counsel.

Mr. Bowyer then obtained the assistance of attorney Carpenter. VA Form 2-22a was duly filed, appointing Mr. Carpenter "to present and prosecute my claim for any and all benefits from the Veterans Administration." A fee agreement dated December 28, 1990 provided that Mr. Carpenter would provide legal representation to Mr. Bowyer for appeal of the Board's decision to the Veterans Court, at a contingent fee of 20% of "the total amount of any past-due benefits awarded on the basis of the Client's claim with the Veterans Administration."

Mr. Carpenter appealed the Board's 1990 decision to the Veterans Court, and that court on January 19, 1993 granted a joint motion, filed by counsel for the Secretary of Veterans Affairs and Mr. Bowyer, agreeing that the Board's 1990 decision should be vacated for error and the matter remanded to the Board for redetermination. Mr. Bowyer and Mr. Carpenter then entered into a representation agreement in connection with the further proceedings related to "the claim or claims previously decided by the Board of Veterans' Appeals":

> [T]his agreement shall include representation of the veteran by the Attorney at both the Board of Veterans' Appeals as well as any Regional Office of the Department of Veterans Affairs . . . . [If] the Attorney determines that the case should be reopened this agreement shall include services rendered in connection with the reopening of an issue previously denied by the Board of Veterans' Appeals.

Agreement dated June 17, 1993.

Mr. Carpenter's efforts on remand were successful, and on July 7, 1993 the Board awarded Mr. Bowyer the 100% disability rating. On August 9, 1993 the VARO assigned this rating an effective date of January 9, 1989, the date of a VA examination. By claim filed in December 1995 Mr. Carpenter raised the issue of the effective date, arguing to the VARO that the error in the disability rating extended back to the VARO's June 1979 decision that reduced Mr. Bowyer's original 100% disability rating; he argued that 1979 should be the effective date because there was clear and unmistakable error ("CUE") in the VARO's 1979 decision. On April 30, 1996 the VARO denied the 1979 date, and Mr. Carpenter appealed to the Board. On October 30, 1997 the Board accepted Mr. Carpenter's position, and held that there was CUE in the VARO's 1979 decision. Mr. Carpenter returned to the VARO, which restored the 100% disability rating as retroactive to

and continuous from the initial effective date of May 5, 1978.  This was the complete relief sought by Mr. Bowyer.

On June 24, 1998 the Board sent a letter to Mr. Carpenter stating that he is not entitled to a fee for his services performed before the Board's October 30, 1997 decision establishing the 1978 effective date, because that decision was the "first . . . final decision in the case," §5904(c)(1).  Mr. Carpenter demurred, and on October 14, 1998 the Board reviewed the fee agreement in accordance with 38 U.S.C. §5904(c).[2]  The Board then held

---

2      38 U.S.C. §5904(c):

 (1)  Except as provided in paragraph (3), in connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case.  Such a fee may be charged, allowed, or paid in the case of services provided after such date only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date.  The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

 (2)  A person who, acting as agent or attorney in a case referred to in paragraph (1) of this subsection, represents a person before the Department or the Board of Veterans'

that the fee agreement was per se "unreasonable" under §5904(c)(2) because Mr. Carpenter was not eligible to charge a fee for legal services provided before October 30, 1997, the date of the Board's ultimate decision. Thus, the Board held that Mr. Carpenter's legal services were not compensable.

The Veterans Court agreed. The court rejected the position that the "case" began when the Board in 1990 denied the veteran's claim for 100% disability, and held that there was no "final decision in the case" until the Board decision of October 30, 1997. The Veterans Court remanded, and the Board determined that Mr. Carpenter had performed no legal services on or after October 30, 1997 (the "first final decision") and therefore that no fee was payable under the fee agreement.

Mr. Carpenter again appealed, arguing that the Board and the Veterans Court had not correctly interpreted the fee statute. The Veterans Court then held that it did not have jurisdiction over the appeal. The Veterans Court explained its "lack of jurisdiction" as follows:

> In the instant appeal, the Court finds that, based on the evidence of record, the June 1993 fee agreement does not extend to services provided in

Appeals after the Board first makes a final decision in the case shall file a copy of any fee agreement between them with the Board at such time as may be specified by the Board. The Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable. A finding or order of the Board under the preceding sentence may be reviewed by the United States Court of Appeals for Veterans Claims under section 7263(d) of this title . . . .

> connection with the veteran's December 1995 CUE claim. In this regard, the Court notes that the services provided by the appellee with respect to the December 1995 claim for CUE do not "relate specifically to the claim . . . previously decided by the Board [in its June 1990 decision]." Because there is no applicable fee agreement for the Court to review, the Court lacks jurisdiction to review this appeal.

Carpenter, 2004 LEXIS 589, at *4-5 (internal citations omitted). Mr. Carpenter appeals to this court, arguing that the Veterans Court incorrectly interpreted the fee statute and this court's precedent.

DISCUSSION

***Jurisdiction***

Pursuant to 38 U.S.C. §7292, the Federal Circuit is assigned jurisdiction of "(1) issues concerning the validity of statutes or regulations on which the decision of the Court of Appeals for Veterans Claims depended; (2) issues of interpretation if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation; (3) issues of validity or interpretation raised before the Court of Appeals for Veterans Claims but not decided, if the decision would have been altered by adopting the position that was urged; and (4) other 'relevant' questions of law." Forshey v. Principi, 284 F.3d 1335, 1359 (Fed. Cir. 2002) (*en banc*). Our authority to review decisions of the Veterans Court includes plenary review of that court's statutory interpretations, but does not extend to review of the court's application of law to fact, except to the extent an appeal presents a constitutional issue. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). If a statutory interpretation of the Veterans Court is not in accordance with law, the Federal Circuit has the power to "modify or reverse the decision of

the Court of Appeals for Veterans Claims or to remand the matter, as appropriate." 38 U.S.C. §7292(e)(1).

The Secretary challenges the Federal Circuit's jurisdiction to receive this appeal, arguing that the basis of the Veterans Court's decision was its factual finding that Mr. Carpenter's work was not related to a "claim or claims previously decided by the Board of Veterans' Appeals," the words of the fee agreement, and that findings of fact are excluded from our purview. Mr. Carpenter responds that the Veterans Court misconstrued the statutory provision "first . . . final decision in the case," 38 U.S.C. §5904(c), when the court determined that the "case" in 1997, when the veteran obtained the claimed 100% disability retroactive to when the rating was initially reduced, was not the same "case" as that in which the Board rejected the claim in 1990. Mr. Carpenter argues that this was an incorrect interpretation of §5904(c).

The Veterans Court's interpretation of the "first . . . final decision in the case" in §5904(c) is a statutory interpretation, and places this appeal within the Federal Circuit's appellate jurisdiction.

### Statutory Interpretation

Formation of the Court of Appeals for Veterans Claims in 1988 was accompanied by statutory authorization of reasonable attorney fees for work performed after "the date on which the Board of Veterans' Appeals first makes a final decision in the case," 58 U.S.C. §5904(c)(1). The Senate Report on the Veterans' Judicial Review Act explained that

> the existing limit on attorney's fees is generally appropriate with respect to the initial claims stages in the sense that applying for VA benefits is a relatively uncomplicated procedure, with the VA generally securing the relevant military records as well as evaluating the merits of the claim.

S. Rep. No. 100-418, at 63 (1988). The Report explained the statutory purpose of preserving the non-adversarial initial benefits process while providing the veteran with the assistance of an attorney when that process has failed and the veteran is faced with the complexities of appealing, reopening, and/or correcting prior adverse decisions:

> However, once the BVA renders a decision adverse to the claimant on the merits, the need for the assistance of an attorney is then markedly greater with respect to such issues as seeking a reopening and reconsideration and deciding whether to proceed to court. Thus, continuing to discourage attorney representation at the initial application, decision, and appeal stages would, the Committee believes, appropriately serve to protect claimant's benefits without prejudicing the claimant's ability to obtain effective legal representation at a later point.

Id. at 64. In an interpretation of §5904(c), the Federal Circuit, in Stanley v. Principi, 283 F.3d 1350 (Fed. Cir. 2002), explained that the reopening of a claim for new evidence or clear and unmistakable error is within the statutory entitlement to attorney fees:

> We conclude that the statute was designed to allow attorneys' fees, after the initial claims proceeding, in connection with proceedings to reopen a claim on the grounds of new and material evidence or clear and unmistakable error.

Id. at 1352. This court referred to the congressional purpose to support attorney representation after the veteran has first presented his claim unsuccessfully, id. at 1356, and cited the VA's statement in the Federal Register that "VA clearly concluded that the definition of final decision on an issue must be liberal enough to allow attorneys' fees in reopening proceedings." Id. at 1358 (citing 64 Fed. Reg. 2134 (Jan. 13, 1999)).

The Veterans Court narrowly interpreted the phrase "first . . . final decision in the case," as meaning the first decision by the Board after clear and unmistakable error has been raised, and required specificity of the fee agreement to every phase of prosecution of the claim. However, a veteran's claim based on a specified disability does not become a

different "case" at each stage of the often lengthy and complex proceedings, including remands as well as reopening as in Stanley. "[A] veteran's overall claim, or case, for benefits is comprised of separate issues." Barrera v. Gober, 122 F.3d 1030, 1032 (Fed. Cir. 1997). Clear and unmistakable error is a procedural burden, not a "case." See Pierce v. Principi, 240 F.3d 1348, 1355 (Fed. Cir. 2001) ("The party bringing a CUE challenge to a final RO decision bears the burden of proving that the decision was based on a clear and unmistakable error").

In Barrera this court ruled that the issues of service connection and disability rating were both issues within the same "case," explaining that a compensation claim contains five necessary elements: (1) veteran's status, (2) present disability, (3) service connection, (4) degree of disability, and (5) effective date. 122 F.3d at 1037; see Vargas-Gonzales v. Principi, 15 Vet. App. 222, 226 (2001) (entitlement to a benefit "is not complete without the date on which the award begins").

The case encompasses "all potential claims raised by the evidence, applying all relevant laws and regulations, regardless of whether the claim is specifically labeled," Roberson v. Principi, 251 F.3d 1378, 1384 (Fed. Cir. 2001). In the Bowyer proceedings the degree of disability and the effective date of disability were issues within the same case, for the claim for benefits includes the issues emanating from the disability or injury that led to the claim. Mr. Bowyer's claim for an earlier effective date for his 100% disability is part of the "case" for which he obtained Mr. Carpenter's legal services and entered into the fee agreements.

It is an incorrect reading of the statute to hold that a claim for total disability and a claim challenging the effective date are not the same "case." The Veterans Court erred in

law, in holding that the fee agreements could not apply to any and all of these extensive proceedings, the court discussing the 1995 CUE claim and the 1990 Board decision, all of which were resolved in the veteran's favor upon prosecution by Mr. Carpenter.

The statute was designed to authorize compensation for attorney services rendered after the initial proceedings, undertaken by the veteran, have failed. As reflected in congressional as well as precedential statutory interpretation, there may be and normally are various "issues" involved in a claim for veterans' benefits; these are not separate "cases" in terms of 38 U.S.C. §5904(c), and do not require separate fee agreements as to each aspect of the veteran's claim. The Veterans Court erred in construing "case" in §5904(c) to exclude the legal services rendered after the veteran's claim had been denied. The fee agreement applies to this "case," in accordance with its terms. The dismissal is reversed; we remand for application of these statutory principles to the agreement between attorney Carpenter and veteran Bowyer.

REVERSED AND REMANDED

# United States Court of Appeals for the Federal Circuit

05-7066

KENNETH M. CARPENTER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

SCHALL, Circuit Judge, dissenting.

I am unable to agree with the majority that we have jurisdiction to review the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court ruled that it lacked jurisdiction because the 1993 fee agreement did not cover the 1995 CUE claim, and that was the sole ground for its ruling. Carpenter v. Principi, 18 Vet. App. 560 (2004) (table), full decision available at, 2004 U.S. App. Vet. Claims LEXIS 589, at *4 (unpublished) ("[B]ased on the evidence of record, the June 1993 agreement does not extend to services provided in connection with the veteran's December 1995 CUE claim.").

On appeal, we will set aside any legal interpretation of the Veterans Court that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1) (2000).  We may not, however, review a challenge to any factual

determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000); see Leonard v. Gober, 223 F.3d 1374, 1376 (Fed. Cir. 2000) ("Section 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case. We must therefore dismiss Leonard's appeal [regarding the application of equitable tolling to the facts of her case] for lack of subject matter jurisdiction."); Albun v. Brown, 9 F.3d 1528, 1529-30 (Fed. Cir. 1993) (recognizing that "in appeals from the Court of Veterans Appeals, Congress denied this court the usual broad scope of review and limited this court's review to certain statutory, regulatory, and constitutional issues").

In my view, the majority overlooks what actually happened in the Veterans Court. The Veterans Court did not interpret 35 U.S.C. § 5904(c) (2000). Rather, it held that it lacked jurisdiction because the 1993 fee agreement did not extend to services provided in connection with the CUE claim. The agreement stated: "The services contemplated under this contract . . . relate specifically to the claim or claims previously decided by the Board of Veterans' Appeals. . . ." At the time of the agreement, the only claim of Mr. Bower's that the Board of Veterans Appeals had decided was the TDIU claim.[1] The court's ruling squarely represents an application of law to the facts of the case, a matter beyond our jurisdiction.

Thus, I would dismiss Mr. Carpenter's appeal for lack of jurisdiction. I therefore respectfully dissent.

---

[1] As this court has recognized, a CUE claim is not a generalized claim to entitlement of benefits; instead, a CUE claim is an assertion that the VARO committed a particular clear and unmistakable error. Andre v. Principi, 301 F.3d 1354, 1361 (Fed. Cir. 2002).