# United States Court of Appeals for the Federal Circuit

---

**JOHN F. CAMERON,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7125

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-1894, Judge Lawrence B. Hagel.

---

Decided: July 3, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

JAMES R. SWEET, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, KIRK T. MANHARDT, Assistant Director, and

ALEX P. HONTOS, Trial Attorney. Of counsel on the brief was BRIAN D. GRIFFIN, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

---

Before O'MALLEY, SCHALL, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* WALLACH.

Dissenting opinion filed by *Circuit Judge* SCHALL.

WALLACH, *Circuit Judge.*

Attorney John F. Cameron appeals the United States Court of Appeals for Veterans Claims' ("Veterans Court") affirmance of the Board of Veterans' Appeals' ("Board") decision determining "that attorney fees from past due benefits in the amount of $9,199.19 for his representation of veteran Floyd W. Bartlett were correctly calculated and that additional fees were not warranted." *Cameron v. Shinseki*, 2012 U.S. App. Vet. Claims LEXIS 362, at *5–6 (U.S. App. Vet. Cl. Mar. 1, 2012) ("Veterans Court Decision"). Because the Veterans Court correctly interpreted 38 U.S.C. § 5904(c)(1) (2004), we affirm.

## BACKGROUND

Mr. Bartlett served on active duty from 1943 to 1963. On March 28, 2002, he submitted a claim to the Department of Veterans Affairs ("VA") Regional Office ("RO") to increase his rating for his service-connected Post-Traumatic Stress Disorder ("PTSD"), which was then rated at 30% disabling. The RO denied Mr. Bartlett's claims for an increased rating.

After Mr. Bartlett appealed the RO's denial, the Board issued its first final decision in this matter on March 16, 2005, increasing Mr. Bartlett's disability rating from 30% to 100%. It remanded the claim for the RO to

implement its decision and determine the effective date of the award.[1]

On March 31, 2005, after the first final Board decision, but before the RO issued a decision on remand, Mr. Bartlett entered into a fee agreement with Mr. Cameron. The fee agreement provided that Mr. Cameron would provide legal representation to Mr. Bartlett "in connection with all proceedings for benefits before the U.S. Department of Veterans Affairs." J.A.44. The fee agreement stipulated that Mr. Bartlett would pay Mr. Cameron "a contingent fee equal to 20 percent of the total amount of any past due VA benefits awarded on the basis of [his] claim(s) with the [VA]." J.A.44.

In July 2005, the RO issued a decision implementing the Board's decision to increase Mr. Bartlett's disability rating for PTSD from 30% to 100%, effective April 10, 2002, the date that Mr. Bartlett filed his claim. J.A.48 ("We have assigned an effective date of April 10, 2002, which is the date we received your claim for an increased evaluation.").

Mr. Cameron sought to recover fees for the past-due benefits awarded to Mr. Bartlett as a result of the RO's implementation of the 100% rating. In September 2005, the RO denied Mr. Cameron entitlement to attorney fees, finding that, because "the March 16, 2005, decision [wa]s the first final decision rendered by the [Board] in this veteran's PTSD claim, the provisions of 38 U.S.C.

---

[1] The Board also remanded Mr. Bartlett's claim for entitlement to dependents' educational assistance benefits for further development and readjudication. The subsequent award of dependents' educational assistance benefits has not been appealed and is therefore not before this court.

§ 5904(c)(1) preclude the attorney's entitlement to fees based on benefits arising from this decision." J.A.52.

In addition to filing this fee petition, Mr. Cameron filed an appeal on Mr. Bartlett's behalf with respect to the effective date the RO assigned to Mr. Bartlett's increased disability rating. In May 2006, the RO determined that the proper effective date for the 100% disability rating was January 22, 2001, approximately 15 months earlier than the effective date initially assigned. The RO granted Mr. Bartlett $45,995.93 in past-due benefits and also found that that Mr. Cameron met the requirements for payment of attorney fees under 38 U.S.C. § 5904 and 38 C.F.R. § 20.609. Accordingly, attorney fees were set aside for Mr. Cameron, representing 20% of the additional award occasioned by the change in the effective date of his 100% disability rating.[2]

Mr. Cameron filed an appeal with respect to the RO's denial of his first fee request. In September 2008, the Board issued the decision now on appeal, which affirmed the denial of attorney fees for the RO's implementation of the 100% disability rating. On appeal, the Veterans

---

[2] Neither Mr. Bartlett nor Mr. Cameron filed a notice of disagreement with this decision.

Court affirmed the Board's denial. Veterans Court Decision at *20.[3] Mr. Cameron filed this timely appeal.

DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The Veterans Court's legal

---

[3] In January 2012, the Veterans "Court sought clarification from Mr. Cameron regarding the relief" he requested on appeal. Veterans Court Decision at *12. In February 2012, Mr. Cameron asserted that "he is entitled to an additional $11,407.40 in attorney fees, which he calculated to be 20% of the past due benefits paid to Mr. Bartlett as a result of the July 2005" RO implementation. *Id.* Mr. Cameron asserted "that he arrived at that figure 'by subtracting the dollar value of the 60% rate of compensation [that] Mr. Bartlett had been receiving prior to the . . . [July 2005 RO decision] from the dollar value of the 100% rate of compensation assigned' in the July 2005" RO decision. *Id.* at *12 (citation omitted). The Veterans Court noted that this statement contains two errors: "First, Mr. Bartlett was previously assigned a 30% disability rating for post-traumatic stress disorder, not 60%, and, second, it was the March 2005 Board decision that assigned the 100% disability rating for post-traumatic stress disorder, not the July 2005 Regional Office decision." *Id.* at *13.

determinations are reviewed *de novo. Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

The applicable statute at issue is section 5904(c)(1) of title 38 of the United States Code, which provides:

> Except as [otherwise] provided . . . a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case. Such a fee may be charged, allowed, or paid *in the case of services provided after such date* only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date. The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

38 U.S.C. § 5904(c)(1) (2004) (emphasis added).[4]

The Government argues that this court does not have jurisdiction over Mr. Cameron's appeal because the appeal rests on the "fact that the Veterans Court found that the operative decision that awarded benefits was the March 2005 Board decision, which occurred before Mr. Cameron was even retained to provide legal services to Mr. Bartlett," and this is a "factual matter[] or, at a minimum, application of law to fact." Secretary's Br. at 16 n.11.

Mr. Cameron asserts that "[t]he issue on appeal is entirely an issue of law," stating that the Veterans Court

---

[4]    In 2006, Congress altered the language of this section; the statute now provides, in pertinent part: "[A] fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which a notice of disagreement is filed with respect to the case." 38 U.S.C. § 5904(c)(1) (2006).

misinterpreted 38 U.S.C. § 5904(c)(1), which, he claims, is clear on its face. Cameron's Br. at 1.  According to Mr. Cameron, an attorney may recover fees pursuant to section 5904 as long as the attorney is retained within one year after the date of the Board's issuance of a final decision. *Id.* at 5.

The Veterans Court considered whether 38 U.S.C. § 5904(c)(1) prevented Mr. Cameron from recovering attorney fees based on the RO's implementation of the first final Board decision. This is a question of statutory interpretation over which this court may exercise jurisdiction. *See Carpenter v. Nicholson*, 452 F.3d 1379, 1383 (Fed. Cir. 2006) ("The Veterans Court's interpretation of the 'first . . . final decision in the case' in § 5904(c) is a statutory interpretation, and places this appeal within the Federal Circuit's appellate jurisdiction.").

The statute provides that a fee may be charged "in the case of services provided" after the date on which the Board "first makes a final decision in the case." 38 U.S.C. § 5904(c)(1).  However, no fee may be charged with respect to services before the first final Board decision. *Id.* This court has explained that Congress intended this provision to "prohibi[t] an attorney or agent from charging for services until the VA affirms its decision to deny a claim," *Stanley v. Principi*, 283 F.3d 1350, 1357 (Fed. Cir. 2002) (quoting H.R. Rep. No. 100-963, at 28 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5782, 5810-11) (emphasis omitted), and to "bar the retention of paid counsel in connection with the original VA proceedings," *id.* at 1356. *See also Scates v. Principi*, 282 F.3d 1362, 1366 (Fed. Cir. 2002) (recognizing the "congressional intent to protect veterans benefits from improper diminution by excessive legal fees").

This case hinges on the meaning of the term "services" in the context of this statute.  Assuming all other necessary criteria are met, Mr. Cameron must prove that

services were indeed provided to the veteran with respect to the award as to which fees are sought.  When an RO simply implements the relief granted in the first final Board decision, there are no services to be provided by an attorney to the veteran.  As of the March 16, 2005 Board decision, Mr. Bartlett was legally entitled to a 100% rating for his PTSD, effective as of the date he filed his claim for an increased rating. J.A.41; *see* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o).  That is what Mr. Bartlett received in the July 2005 RO decision. J.A.48.  The RO decision did not weigh evidence or engage in substantive consideration of any kind. *Id.*  Rather, it made clear that "[t]he purpose of this rating is to implement the [Board's] decision." *Id.*

Mr. Cameron can point to no specific services he provided to Mr. Bartlett with regard to the RO's implementation of the increase in Mr. Bartlett's disability rating for PTSD from 30% to 100%, effective from Mr. Bartlett's original filing date of April 10, 2002.  Mr. Cameron's vague assertions of activity on appeal do not rise to the level of "services" within the meaning of this statute because they are unrelated to the award obtained by Mr. Bartlett.  In briefing, Mr. Cameron's counsel, Mr. Carpenter, asserts only that: "the VA regional office's actions were encouraged and reviewed by Mr. Bartlett's lawyer, Mr. Cameron." Cameron's Reply Br. at 4.  Similarly, Mr. Carpenter stated in oral arguments:

> Services were [provided] to essentially shepherd the case back before the RO and get the RO to implement the Board Decision and to be sure that the Board [*sic*, RO] implemented that Board decision correctly.  Now on the question of rating, there was really not that much to do.  However on the issue of the effective date, it was necessary for Mr. Cameron to determine what the correct effective date is in order to be sure that the Regional

Office when it implemented this decision assigned a correct effective date."

Oral Argument at 1:27–1:57, *John Cameron v. Shinseki*, No. 2012–7125, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings.

Additionally, counsel offered Mr. Cameron's timesheets as evidence of what Mr. Cameron accomplished. J.A. 64–66. The records submitted show that Mr. Cameron drafted two letters to the RO before its implementation of the Board's final decision. In those letters, he requested copies of the rating decision, allocating a total sum of 30 minutes for both activities. J.A. 64–65 (4/01/05: "Draft cover letter . . . requested the required Rating Decision."; 6/16/05: "Draft follow up letter to the [RO], requesting the Rating decision"). Mr. Cameron offers no explanation as to why these limited actions were relevant to the RO's decision with respect to the effective date or how such limited activities were in any way advocating for that which the veteran had not already secured.

It is undisputed that Mr. Cameron did not make any arguments to the RO at that time about the proper effective date. Rather, as already noted, the RO set the effective date pursuant to statutory direction, *see* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o). It was only *after* the RO had initially established an effective date that Mr. Cameron pursued a successful appeal of that determination on Mr. Bartlett's behalf. For that effort, Mr. Cameron was awarded fees at the 20% of benefits rate specified in his agreement with Mr. Bartlett.

This holding makes complete sense. It is undisputed that Mr. Cameron would be barred by 38 U.S.C. § 5904(c)(1) from recovering for any services provided before the date of the Board's first final decision. This requirement would be rendered meaningless if Mr. Cameron could reap 20% of the rewards from the first Board

decision simply by signing a fee agreement with the veteran before the RO's implementation of that decision.

This holding also has serious practical implications; attorneys should not be encouraged to seek out veterans who, like Mr. Bartlett, have already secured an award of benefits on their own in order to sign them as clients only to extract as a fee 20% of already payable benefits.

Finally, as a practical matter, we note that Mr. Cameron has already collected a fee of $9,199.19 for "little more than 18 hours of work on Mr. Bartlett's claims over 17 months, which consisted largely of phone conversations with Mr. Bartlett." Veterans Court Decision at *18. Despite the fact that Mr. Cameron "did precious little advocacy" on Mr. Bartlett's behalf, he has already received fees computed on the basis of an approximate rate of $540 per hour. *Id.* at *19. The Veterans Court also observed that if the court agreed with Mr. Cameron's request for additional fees, the approximate rate would be "$1,129 per hour." *Id.* at *19 n.15. The Veterans Court admonished Mr. Cameron for seeking additional fees, explaining that "challenging . . . the fee awarded in this case as insufficient strikes the Court as frivolous." *Id.* at *20.

Notwithstanding this admonishment, Mr. Cameron continues to urge on appeal that the Veterans Court misinterpreted 38 U.S.C. § 5904(c)(1) when it affirmed the Board's denial of his claim and that because the RO decision at issue occurred after he had signed Mr. Bartlett as a client, he is entitled to 20% of Mr. Bartlett's past-due benefits.

He is not.

## CONCLUSION

Because the Veterans Court correctly interpreted 38 U.S.C. § 5904(c)(1) (2004), the decision is

**AFFIRMED**

# United States Court of Appeals for the Federal Circuit

---

**JOHN F. CAMERON,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7125

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-1894, Judge Lawrence B. Hagel.

---

SCHALL, *Circuit Judge*, dissenting.

The work performed by Mr. Cameron between March 31, 2005, when he was retained by Mr. Bartlett, and July 19, 2005, when the RO issued its decision implementing the Board's final decision, was limited in the extreme. Under these circumstances, one cannot help but recoil, as the majority does, at Mr. Cameron's claim for attorney fees. That said, I believe the result reached by the majority today is contrary to the clear language of the statute, 38 U.S.C. § 5904 (c)(1). I therefore respectfully dissent.

The statute provides that a fee may be charged for "services provided" after the date on which the Board

"first makes a final decision in the case." It is undisputed that the work performed by Mr. Cameron, for which he is claiming attorney fees, took place after the Board's March 16, 2005 final decision. In my view, for that reason, Mr. Cameron's claim is covered by the language of § 5904(c)(1).

The majority, though, concludes that the work performed by Mr. Cameron after March 16, 2005, and prior to July 19, 2005, which consisted of drafting letters to the RO, did not rise to the level of "services" within the meaning of the statute. In reaching that conclusion, the majority notes that, at most, all Mr. Cameron did following the Board's remand was send two letters to the RO requesting a decision. *See* Majority Op. 9. According to the majority, that work did not constitute the providing of legal services: "[W]hen an RO simply implements the relief granted in the first final Board decision, there are no services to be provided by an attorney to the veteran." *See id*. at 8.

As a matter of policy, the majority's decision has much to recommend it. It can quite reasonably be argued that Mr. Cameron should not be able to recover attorney fees for the extremely limited work he performed. The problem I have with the majority's approach is that I am unable to find anything in the statutory language which limits the meaning of the word "services" in the way the majority does. If Congress had wished to limit the circumstances under which work performed by an attorney after a final Board decision qualifies as "services provided," it could easily have done so.

In my view, however, the statute does provide a way of addressing the circumstances presented by a case such as this. Pursuant to the prior version of 38 U.S.C. § 5904(c)(2) relevant to this appeal, "[t]he Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee

is excessive or unreasonable." I see nothing to prevent the Board from considering, on its own motion, whether the fee claimed by Mr. Cameron in this case is unreasonable and then reducing the fee if it determines that it is unreasonable.

For the reasons set forth above, I would hold that the Board and the Court of Appeals for Veterans Claims ("Veterans Court") erred in holding that the work performed by Mr. Cameron that is at issue did not qualify as "services" under prior § 5904(c)(1). I therefore would reverse the Veterans Court's decision and would remand the case with the instruction that the court, in turn, remand the case to the Board for the Board to determine the amount of fee to which Mr. Cameron is entitled, noting that the Board has the authority under prior § 5904(c)(2) to consider, on its own motion, the reasonableness of the fee claimed by Mr. Cameron.