# United States Court of Appeals for the Federal Circuit

---

**LEON DAVIS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1412

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5185, Judge Joseph L. Falvey, Jr.

---

Decided: May 19, 2026

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; CARLING KAY BENNETT, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE and HUGHES, *Circuit Judges*, and
FREEMAN, *District Judge.*†

HUGHES, *Circuit Judge.*

Mr. Leon Davis seeks review of a decision by the
United States Court of Appeals for Veterans Claims dis-
missing his appeal of a Board of Veterans' Appeals deci-
sion. Because the Veterans Court committed no legal error
in determining its jurisdiction, and because we lack juris-
diction over Mr. Davis's remaining arguments, we *affirm-
in-part* and *dismiss-in-part*.

I

Mr. Davis served on active duty in the United States
Marine Corps from June 1983 to June 1987. In the time
since his separation, Mr. Davis has sought compensation
for several disabilities. We describe only the proceedings
and conditions relevant to the issues now before us.

A

Mr. Davis began applying to the U.S. Department of
Veterans Affairs (VA) for service-connected disability ben-
efits upon his separation from the Marines in 1987. As of
April 2021, his service-connected disabilities consisted of,
among other conditions not relevant to this appeal, PTSD
rated at 70% from September 2009 and 100% from
May 2012; migraine headaches at 30% from June 1987 and
50% from August 2008; frostbite of both feet and the right
hand at 30% from December 2007; and frostbite of the left
hand at 20% from December 2007 and 30% from Septem-
ber 2010. Mr. Davis was also in receipt of a special monthly

---

† Honorable Beth Labson Freeman, District Judge,
United States District Court for the Northern District of
California, sitting by designation.

compensation (SMC) award[1] at the (l) rate on account of requiring aid and attendance due to his PTSD (the A&A SMC Award).[2]

In April 2020, Mr. Davis filed a notice of disagreement (NOD) seeking review of a VA regional office (RO) decision. In April 2021, the Board of Veterans' Appeals granted Mr. Davis's request for a total disability rating based on individual unemployability (TDIU), on account of his PTSD, from September 2009 onward. That TDIU rating, in combination with his other service-connected disabilities, then entitled him to additional SMC benefits at the (s) rate.[3]

---

[1]    Generally, veterans with service-connected disabilities are entitled to monthly benefits payments corresponding to the severity of their disability as rated in 10% increments. *See, e.g.*, 38 U.S.C. §§ 1110 (basic entitlement), 1114(a)–(j) (detailing monthly payments). Severely disabled veterans who meet certain conditions, and veterans with specific acute disabilities, may also be entitled to an additional award, SMC, that is "over and above the monthly amount for total disability." *See Guillory v. Shinseki*, 603 F.3d 981, 983 (Fed. Cir. 2010). SMC rates vary based on the nature of the veteran's service-connected disabilities and are set out in 38 U.S.C. § 1114(k)–(t).

[2]    SMC(l) is available to veterans who have suffered the "anatomical loss or loss of use of both feet, or of one hand and one foot, . . . or [are] permanently bedridden or with such significant disabilities as to be in need of regular aid and attendance." 38 U.S.C. § 1114(l).

[3]    A veteran qualifies for SMC at the (s) rate when they have a single service-connected disability rated as 100% disabling and either (1) have additional service-connected disabilities independently ratable at 60% or more, or (2) are "permanently housebound" due to their service-connected disability or disabilities. *See* 38 U.S.C. § 1114(s);

However, the Board denied (1) Mr. Davis's request for an earlier effective date for his A&A SMC Award, and (2) his request for entitlement to additional, higher SMC awards to compensate for his frostbite injuries and other conditions.

Mr. Davis appealed the Board's decision, after which the parties filed a Joint Motion for Partial Remand (JMPR). As relevant here, the terms of the JMPR required the Board to specifically reconsider (1) its denial of additional, higher SMC awards based on combinations of his service-connected disabilities, including his frostbite injuries; and (2) its denial of an earlier effective date for his A&A SMC Award, specifically whether the relevant appeal period dates back to August 2008 when Mr. Davis filed a claim related to a back injury and migraine headaches.

B

The Board issued its decision on remand on June 22, 2022. In relevant part, the Board (1) concluded Mr. Davis was entitled to additional, higher SMC ratings on account of his frostbite injuries, and (2) found Mr. Davis's A&A SMC Award dated back to November 2, 2009, "but no earlier." J.A. 103.

Regarding his additional, higher SMC benefits, the Board concluded that Mr. Davis was entitled to additional SMC(l) awards to compensate for the loss of use of his hands and feet from frostbite. This finding then triggered two additional dependent SMC entitlements: First, the Board found Mr. Davis was now also entitled to SMC at the (o) rate, which is available to veterans with disabilities that entitle them "to two or more" SMC awards at the (l), (m), or (n) rates when "no condition [is] considered twice." 38 U.S.C. § 1114(o). The Board determined that Mr. Davis

*Mackey v. Collins*, 170 F.4th 1380, 1382–83 (Fed. Cir. 2026).

was entitled to SMC(o) given his preexisting A&A SMC Award and his new entitlement to "SMC(l) due to loss of use of the hands and feet." J.A. 113. Second, the Board found Mr. Davis was thus also entitled to SMC at the (r) rate given that he was now entitled to the maximum SMC rate under subsection (o) and, as the result of his PTSD, was "in need of regular aid and attendance." 38 U.S.C. § 1114(r); *see* J.A. 114–15.

Mr. Davis appealed the Board's decision insofar as it did not assign effective dates for his new SMC(o) and (r) ratings and instead left it to the RO to determine in the first instance.[4]

C

Before the Veterans Court, Mr. Davis argued that the Board erred by not assigning effective dates to the new SMC(o) and SMC(r) awards. He emphasized that the Board is required to decide the issues before it. And he argued that the effective date of any new SMC award was an issue he squarely presented to the Board for resolution as evidenced both by his repeated argument that he was entitled to SMC as early as 2008 and by the JMPR's mandate to "address the relevant appeal period for [the issue of] the proper effective date for the award of entitlement to SMC under 38 U.S.C. § 1114(l)." J.A. 131–32 (quoting J.A. 94). Mr. Davis thus advanced two related errors to the Veterans Court: First, the Board legally erred under *Bean v. McDonough*, 66 F.4th 979 (Fed. Cir. 2023), by failing to address the specific issues presented on appeal. And second, the Board's decision violated the statutory requirement

---

[4]    In the interim, the RO implemented the Board's decision, and assigned an effective date of September 6, 2013, for each of the new SMC awards. Mr. Davis has separately appealed the effective date determination to the Board, which is pending review.

that every Board decision include "an order granting appropriate relief." J.A. 133 (quoting 38 U.S.C. § 7104(d)(3)).

The Veterans Court issued its opinion on October 26, 2023. *See Davis v. McDonough*, No. 22-5185, 2023 WL 7037376 (Vet. App. Oct. 26, 2023) (*Decision*). The Veterans Court first considered whether the terms of the JMPR required the Board to assign effective dates to the new SMC(o) and (r) awards. *Id.* at *2–3. It rejected Mr. Davis's "attempts to invoke the August 2008 date as it relates to the Board's award of SMC(l) for loss of use of hands and feet." *Id.* The Veterans Court explained that the August 2008 date was in reference to when he filed a claim for service connection for a back disability and an informal claim for an increased headache rating, which has no relation to Mr. Davis's new SMC awards that are premised on his frostbite injuries. *Id.* at *3. And the Veterans Court found that the JMPR's directive to address whether an earlier SMC(l) rating was available "concerned the already granted" A&A SMC Award, premised on his PTSD, rather than all possible future SMC awards. *Id.* at *4.

The Veterans Court then considered whether the Board was nonetheless generally required to resolve the issue of effective dates at the same time it evaluated a veteran's eligibility for new SMC awards. *Id.* at *3. The Veterans Court answered in the negative. *Id.* It concluded that the effective date of an SMC award is a separate and downstream issue of whether the veteran is entitled to that SMC award:

> Like determining whether a claimant [is] entitled to service connection, the Board here determined whether Mr. Davis was entitled to SMC. And just as the [RO] would then decide the downstream issue of when the claimant met the service-connection criteria, the [RO] here would also decide the downstream issue of when Mr. Davis met the SMC criteria.

*Id.* Thus the Board was not *required* to decide the effective dates of the new SMC(o) and (r) entitlements. *Id.* at *3–4. And without a decision from the Board—whether explicit or by virtue of the Board erroneously failing to reach an issue squarely presented—the Veterans Court concluded it was without jurisdiction to consider Mr. Davis's arguments and dismissed. Mr. Davis timely appealed.

## II

Our review of decisions by the Veterans Court is limited by statute. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review and decide challenges to the validity or interpretation of any statute or regulation, and we may interpret constitutional and statutory provisions if presented and necessary to the decision. 38 U.S.C. § 7292(c). But absent a legitimate constitutional issue, we cannot review challenges to the Veterans Court's factual determinations or its application of law to fact. 38 U.S.C. § 7292(d)(2); *see also Wanless*, 618 F.3d at 1336. The scope of the Veterans Court's jurisdiction presents a legal question within our jurisdiction to review. *See Goss v. McDonough*, 122 F.4th 1332, 1336 (Fed. Cir. 2024).

Mr. Davis argues that the Veterans Court erred when it concluded there was no adverse decision from the Board sufficient to trigger its jurisdiction. His argument rests on this court's decision in *Bean*, which held that the Veterans Court's jurisdiction extends to Board dispositions that are "challenged as improperly failing to address contentions clearly before the Board." 66 F.4th at 989. In such circumstances, the Board's failure to address an issue presented constitutes a "decision of the Board on that claim that may be appealed to the Veterans Court." *Id.* Mr. Davis argues that the issue of effective dates for his SMC awards was clearly before the Board both because his 2020 NOD and the JMPR preemptively put effective dates at issue, and because his request for SMC generally included a request for effective dates for any awarded SMC. We disagree.

A

Mr. Davis first argues that the undisputed facts show that his April 2020 NOD and the JMPR generally put at issue the effective date of his SMC ratings from 2008 onward. And he suggests this is significant for two reasons. First, it distinguishes the present case from two others the Veterans Court erroneously relied on in its decision—*Grantham v. Brown*, 114 F.3d 1156 (Fed. Cir. 1997), and *Urban v. Principi*, 18 Vet. App. 143 (2004), *aff'd*, 128 F. App'x 154 (Fed. Cir. 2005). *See* Appellant Br. 14–15. Second, because the issue of effective dates was raised by his earlier filings, the Board's failure to assign effective dates for the SMC(o) and (r) awards is a violation of the statutory requirement that every Board decision include findings and conclusions on all material issues of fact and law that are presented by the record. *See* Appellant Br. 10–14 (citing 38 U.S.C. § 7104(a), (d)).

As an initial matter, the April 2020 NOD's relevance is unclear. The present appeal is taken from the Veterans Court's review of the June 2022 Board decision, the scope of which is controlled by the terms of the parties' JMPR. *See* J.A. 98 (remanding to the Board the "matters identified in the JMPR"). By contrast, the April 2020 NOD resulted in the April 2021 Board decision, which is not on review.

Regardless, we agree with the government that we lack jurisdiction to consider this argument. Mr. Davis argues that "whether a document is a NOD is a question of law." Appellant Reply Br. 3. Even if true, the parties do not dispute that the April 2020 NOD qualifies as a notice of disagreement. Rather, the parties dispute the *contents* of the 2020 NOD and the JMPR. Mr. Davis contends that he "is not asking the Court to review the content of his claim," Appellant Reply Br. 5, but a review of his request reveals otherwise. He asks that we "review whether his April 2020 submission qualifies as a notice of disagreement *to his entitlement to SMC ratings from the date of his August 2008*

*claim.*" *Id.* at 5–6 (emphasis added). To do so would require us to examine and assess the content of the 2020 NOD itself.

The Veterans Court has interpreted Mr. Davis's various references to an "August 2008 claim," and the JMPR's language regarding effective dates, as referencing claims unrelated to the disabilities that resulted in his new SMC(o) and (r) awards. *Decision*, 2023 WL 7037376, at *2–4. His request that we review the Veterans Court's interpretation is beyond our purview. *Cf. Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) ("[T]he interpretation of the contents of a claim for benefits [is] a factual issue over which we [do] not have jurisdiction." (citation omitted)); *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) ("The interpretation of these prior filings is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.").

Mr. Davis's reliance on this court's decision in *Perciavalle v. McDonough*, 101 F.4th 829 (Fed. Cir. 2024), is unavailing. He suggests it exemplifies an instance in which this court "considered the specific contents of a notice of disagreement in order to determine what matters were part of that disagreement." Appellant Reply Br. 4 (citing *Perciavalle*, 101 F.4th at 837–39). But the court did so only after first finding that no material facts were in dispute. *Perciavalle*, 101 F.4th at 838. We cannot make the same finding here.

Because we lack jurisdiction over this issue, we must dismiss it.

B

Mr. Davis next argues that the effective date of an SMC award is *not* a separate and downstream issue from a veteran's entitlement to SMC. He concedes that the issue of an effective date is downstream from the issue of service connection, but he argues that is not true for "the

relationship between a rating and its effective date." Appellant Br. 17. He then likens the issue of a veteran's entitlement to SMC to the issue of a disability's rating, suggesting that a request for a higher SMC rating puts at issue both the entitlement to SMC *and* the date any such entitlement arose. Meaning, the Board was required to assess the effective date of his SMC awards when it assessed his entitlement, and its failure to do so was legal error sufficient to trigger the Veterans Court's jurisdiction.

Not so. Mr. Davis's arguments largely ignore the appellate function of the Board. While it is true that once the RO determines a veteran is entitled to compensation, it typically also determines the effective date and level of compensation, that is not necessarily true of the Board, which is only reviewing the specific issues on appeal. *See, e.g.*, *Cameron v. Shinseki*, 721 F.3d 1365, 1366 (Fed. Cir. 2013) (Board awarding increased rating after RO denial but remanding to RO to determine effective date of increase). And the Veterans Court correctly ruled that the question of the effective date of an SMC award is a separate and downstream issue from whether the veteran meets the criteria to qualify for that award. A veteran's claim for benefits—whether it be for those benefits set out in subsections (a) through (j) of section 1114 or for SMC as set out in subsections (k) through (t) of the same—is comprised of related but separate issues. *Cf. Carpenter v. Nicholson*, 452 F.3d 1379, 1384 (Fed. Cir. 2006) (citation omitted). And some of those issues may necessarily be decided separately, particularly where an adverse conclusion on an upstream issue, such as whether a veteran's disability is service connected, ends the RO's inquiry and results in no concurrent decision on a downstream issue, such as the effective date for benefits. *Cf. Grantham*, 114 F.3d at 1158. In such circumstances, the Board does not err by reviewing the sole issue before it—whether the RO correctly denied a service connection—and leaving downstream issues, such as

entitlement date and disability rating, for the RO to decide in the first instance on remand.

The same is true of the relationship between SMC entitlement and the date such entitlement arose. As Mr. Davis acknowledges, "this appeal can be boiled down to one issue—whether the effective date of a[n SMC] rating is a downstream issue" from entitlement to SMC. Appellant Reply Br. 6. Our answer, for the reasons outlined above, is yes. The Veterans Court did not err in holding the same. Thus, the Board's failure to decide effective dates for the new SMC awards, and to instead remand that issue to the RO to decide in the first instance, is not a determination sufficient to trigger the Veterans Court's jurisdiction and the Veterans Court did not legally err in so concluding. We affirm the Veterans Court's dismissal.

### III

We have considered the parties' remaining arguments and find them unpersuasive. For the above reasons, we *dismiss-in-part* and *affirm-in-part*.

**DISMISSED-IN-PART AND AFFIRMED-IN-PART**

COSTS

No costs.